Vanderpool v. Smith.

JACOB VANDERPOOL *v.* THOMPSON SMITH *and* JOHN W. WILSON.

Where there is no disturbance of actual possession, or where the holding over by the landlord is not with the intent of keeping the tenant out of possession, after he has become entitled to it, there can be no pretense of an eviction.

The plaintiff demised to the defendants a plot of ground for ten years, which they used as a lumber yard, reserving to himself the right to occupy a small wooden building upon the land, for a year and a half, and which he used for the storage of certain articles for one day over the time, having received no intimation from the lessees of their intention or wish to use it. Upon that day they notified him of their intention to remove, upon the ground that he had broken the lease by withholding a part of the premises, and immediately commenced removing, which occupied them eighteen days.

*Held,* that there was no disturbance of the lessees' possession, as they had never been in occupation of the building, and as the holding over was with no design to retain it against their wish, it was simply an attempt to get up an eviction, and constituted no defence to an action for the rent.

APPEAL by the defendants from a judgment of the Marine Court at General Term.

The action was brought to recover the sum of four hundred dollars, with interest, for the rent of premises on the First Avenue in the city of New York, for the quarter ending November 1, 1861. The defence was eviction. A full statement of the facts is given in the opinion.

*Sheldon & Brown* and *William Tracy,* for appellants.
*Francis Byrne* and *A. J. Vanderpoel,* for respondent.

BY THE COURT.—DALY, F. J.—The defence set up by the answer is, that the plaintiff on the 3d of August, 1860, took possession of a one-story frame building, forming part of the demised premises, and wrongfully prevented the defendants from the enjoyment of it, by withholding from them the possession; in consequence of which they gave up and removed from the whole of the premises, and this defence

is repeated over some six times, with a slight change in the phraseology, or by changing the position of the words, as if the pleader were desirous of showing the Court in how many different ways he could say the same thing. In each form in which it is averred the defence set up is an eviction, and the only question in the case is whether the evidence given upon the trial established an eviction.

The Court below, both at special and general term, held that it did not, and in my opinion they were right. The case is a peculiar one, and the facts lie in a narrow compass. In 1860, the plaintiff leased to defendants a large plot of ground on the First Avenue, between Thirty-first and Thirty-second streets, with certain buildings thereon for the space of ten years, which the defendants used as a lumber yard.

In the lease the plaintiff reserved to himself the right of occupying different parts of the premises up to a certain specified period, the last of which reservations was the right to occupy a small one-story frame building up to first day of August, 1861.

The frame building was used by the plaintiff for the storage of sand-paper and varnish, in the possession of which he continued, the defendants, as he said, not having required it, until after the 1st of August, 1861. On the 2d of August, the defendants sent him a notice in writing, so carefully worded as to indicate that it was prepared by or under the direction of a professional adviser, informing the plaintiff that the defendants thereby declared the lease null and void, and that they thereby rescinded and repudiated it, claiming that he had broken the lease, and failed to fulfill it by keeping possession of, and withholding from them, a portion of the premises, to wit : the one-story frame building on Thirty-first street, and notifying him of their intention to remove from the premises immediately, and tendering him the possession of them; which the plaintiff answered by a letter on the following day, expressing his surprise that they should conceive themselves to be exonerated from their liability, and suggesting in respect to his being in possession of the frame building, that that circumstance was sought as an excuse for their desire to get rid of their contract. The defendants commenced removing on the 2d of August, and by the 20th they had everything removed except their lumber on the sidewalk and street, when they sent the key to the

plaintiff, together with a letter advising him that they had removed everything, that he could resume possession, and that they would pay no rent after the 1st of August, 1861, as he had broken the lease on his part, and ousted and withheld from them a portion of the premises. The plaintiff sent the key back. He admitted that he had retained possession of the one-story frame building until the 7th of August, as they had not required it of him, and he on that day sent them the key of the building, which they declined to receive.

It no doubt occurred to the Court below, as it occurs to us, that the plaintiff by continuing his goods in the frame building beyond the 1st of August, had no intention in fact of withholding or depriving the defendants of the possession of it; but that he did so upon the assumption that they were not yet in want of it, and that on their part they meant and designed that he should remain in possession of it beyond that day, that they might seize upon that circumstance as a means of getting rid of their long lease.

If the evidence warrants, as we think it does, this conclusion, then it is not a case of eviction. As soon as the first of August was passed, on the very next day, they gave their formal notice that he had ousted and withheld from them a portion of the premises, and broken the lease on his part, and on that very day they commenced removing, showing that they must at that time have provided themselves with other premises, a task, the removal of an entire lumber yard, which they were not liable to complete until nearly a month afterwards. It was, in fact, an attempt on their part to get up an eviction without any wrongful intent on the part of the plaintiff to retain against their will the building, to the use of which they became entitled on the 1st of August. In *Edgerton* v. *Page* (1 Hilt., 320), and in *Vermilyea* v. *Austin* (2 E. D. Smith, 204,) I have examined very fully the question of what will constitute an eviction, and it is sufficient to refer to the cases and authorities there collected to show that there was not in this case on the part of the landlord that intentional and wrongful taking of a part of the premises which justifies the tenant in abandoning the whole, or if he continue in possession of the portion which is left, suspends the payment of any rent until he is restored to the entire possession.

This right of the tenant to have rent suspended, or, if he so elect, to abandon the premises where he has been intentionally and wrongfully dispossessed of part by the landlord's act, is founded upon the reason, says Bacon (6 Abr. M. 2) "that no man may be encouraged to injure or disturb his tenant in possession, whom by the policy of feudal law he is bound to protect and defend." There was no disturbance of possession here, for the defendants had never been in possession of the frame building, and unless the holding over was with the intent of keeping the defendants out. of the possession after they became entitled to it, there could be no pretence of an eviction. We must infer that the Judge who tried the cause was of the opinion that no such intent existed, and we think that he was warranted in so finding upon the evidence.

The judgment should be affirmed.