ROBERT THOMAS, Respondent, v. CHARLES NELSON, Appellant.

Where the complaint, in an action to recover rent, alleged a leasing for a term of seven years, *held*, that it was competent to prove a verbal lease for that term or for a shorter period; also that, if this were not so, the court at Special Term, on motion for new trial on the judge's minutes made after judgment, could allow an amendment conforming the pleadings to the proof.

Plaintiff in such an action offered in evidence a memorandum, signed by himself, stating in substance that he was to give a lease to defendant for seven years; no rent was specified. *Held*, that this did not preclude him from proving the agreement by parol, as the memorandum was not itself the contract.

It *seems* that a parol lease, void under the statute of frauds because for a longer period than one year, is not valid for that period. If the tenant enters and occupies under it he may be compelled to pay for the use and occupation, but cannot be compelled by virtue of the lease to pay for a period longer than he actually occupies.

Defendant moved away from the premises and sent the keys of the building to plaintiff in a letter; these were not returned. *Held*, that the retention of the keys was not an acceptance of the surrender of the premises; that plaintiff was not bound to tender a return.

There was a defective flue in the building, making the occupancy uncomfortable and inconvenient. Defendant complained thereof, but continued to occupy until an arrangement was made by which he agreed to repair the flue at plaintiff's expense. *Held*, that defendant could not thereafter abandon the premises on account of the flue without making reasonable efforts to repair it.

Plaintiff alleged in his complaint that he assigned the rent for two months to M., who thereafter re-assigned to him; no proof of the transfers was made. Defendant's counsel requested the court to charge that plaintiff could not recover for the two months, which was refused. *Held*, no error.

(Argued February 22, 1877; decided March 20, 1877.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, affirming a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the facts are sufficiently set forth in the opinion.

*Henry D. Birdsall*, for the appellant. It was error to receive in evidence the memorandum of the agreement to lease. (*Jackson* v. *Delacroix*, 2 Wend., 433; *Jackson* v. *Moncrief*, 5 id., 26.) As plaintiff failed to sustain the allegations in his complaint, the motion to dismiss the complaint should have been granted. (*Gasper* v. *Adams*, 28 Barb., 441; *Moore* v. *McKibber*, 33 id., 246; *Walter* v. *Bennett*, 16 N. Y., 250.) Even if defendant had leased the premises for a year he had a right to remove on account of the defective flue. (*Wallace* v. *Lent*, 29 How. Pr., 289; *Kelsey* v. *Ward*, 38 N. Y., 83; *Rogers* v. *Ostrom*, 35 Barb., 523.)

*N. P. O'Brien*, for the respondent. The agreement being oral it operated under the statute from year to year. (Taylor on L. & T. [ed. of 1874], 39, § 56; *Schuyler* v. *Leggett*, 2 Cow., 663; *Kline* v. *Rickert*, 8 id., 231; Cruise's Dig., tit. 9, chap. 1, § 26, p. 284; *Lounsbury* v. *Snyder*, 31 N. Y., 514; 33 id., 245.) The removal of defendant was a violation of his agreement. (*Wood* v. *Wilcox*, 1 Den., 37, 40; *Worrall* v. *Munn*, 10 N. Y., 243.)

EARL, J. This was an action to recover rent for the occupancy of certain premises situated in the city of Brooklyn, under an alleged lease from plaintiff to defendant. The plaintiff recovered, and the defendant seeks upon this appeal to reverse his judgment upon several grounds, which I will examine separately.

First. In his complaint the plaintiff alleges a leasing for the term of seven years. On the trial he proved the following memorandum, signed by himself: "I am to give Mr. Nelson a lease of building 271 Broadway for seven years,

first three years at $1,400 per year, and four years at $1,500 per year." This memorandum does not embody the contract between the parties, and was not intended to. It simply embraces the main features of the lease, and plainly indicates that a formal lease was subsequently to be executed, embodying the agreement which the parties had made. The allegations of the complaint were such as to imply a valid written lease for seven years, and hence when the plaintiff, upon the trial, attempted to show the parol agreement for a lease for seven years, the defendant objected that such a lease was not alleged, but the court permitted the plaintiff to prove the parol lease, saying, if necessary, that he would allow an amendment of the complaint. After the verdict the defendant made a motion upon the minutes of the court for a new trial. Plaintiff was permitted to enter judgment, and his other proceedings were stayed, and the hearing of the motion was adjourned for about a month, when it was heard and denied; and the court then made an order allowing the complaint to be amended by averring a verbal letting for seven years. I am of opinion that under the complaint as originally framed, a verbal lease for seven years or for one year could have been proved. It would have been merely a case of immaterial variance which could not have misled the defendant. But even if this were not so, the subsequent allowance of the amendment at Special Term was proper. The facts being then all out and before the court, it could allow an amendment to conform the pleadings to the proof.

Second. As the written memorandum was not of itself the contract between the parties, the plaintiff had the right to prove it by parol, and, in doing so, violated none of the rules of evidence as to written agreements. He proved a parol letting for seven years. The statute requires that such a lease shall be in writing. The court ruled upon the trial, and in its charge to the jury, that such a lease, although invalid for the term of seven years, was valid for the term of one year, and to these rulings there was no exception. Hence the error, if any, cannot be complained of here. The

statute (2 R. S., 135, § 8) declares that a parol contract for leasing land for a longer period than one year shall be void. While such a contract is void, yet, if the tenant enters under it and occupies, he may be compelled to pay for the use and occupation of the premises. (*Schuyler* v. *Leggett*, 2 Cow., 660; *People* v. *Rickert*, 8 id., 226; *Anderson* v. *Prindle*, 23 Wend., 616; *Lounsbery* v. *Snyder*, 31 N. Y., 514; *Greton* v. *Smith*, 33 id., 245; *Lockwood* v. *Lockwood*, 22 Conn., 425.) But it is difficult to perceive how such a contract, declared to be void by the statute, can be held to be valid for a single hour, or upon what principle a tenant, entering under a void lease, could be compelled, by virtue of the lease, to pay for a longer period than he actually occupied. The question, as to the liability of the defendant for the rent for one year, could not be raised by the motion to nonsuit, as he had occupied the premises for a portion of the year.

Third. In August, the defendant moved away from the premises, and sent the keys of the house to the plaintiff in a letter, and they were not returned. He claimed, upon the trial, that the retention of the keys was an acceptance of the surrender of the premises. The plaintiff was not bound to seek the defendant and tender a return of the keys. The court held that the mere retention of the keys, which were sent to him without his request or assent, did not of itself amount to a surrender and acceptance, and in this there was no error.

Fourth. There was a defective flue which made the occupancy of the premises extremely uncomfortable and inconvenient, and the defendant would probably on this account have been justified in abandoning them as untenantable. But he continued to occupy complaining of the flue until, as the jury must have found, an arrangement was made by which he was to repair the flue at plaintiff's expense. After this arrangement he could not abandon the premises on account of the flue without making reasonable efforts to repair it. It cannot be said that defendant's promise was without consideration, as the plaintiff agreed to pay him for the labor and

expense in doing the work. But having agreed with the plaintiff to repair the flue, he could not on account of its defective condition, and without any further notice or complaint to the plaintiff, abandon the premises. He was estopped from complaining of the flue which was left out of repair by his own neglect to perform his promise to repair it.

Fifth. The plaintiff in his complaint alleged that he assigned the rent for the months of May and June to one Manger, and that Manger had re-assigned the rent to him. On the trial there was no proof of the assignment or re-assignment, and nothing was said about either until the judge had charged the jury, when the defendant's counsel requested him to charge that the plaintiff could not recover for these two months, which request was refused. In this there was no error. All the allegations on the subject in the complaint must be taken together, and they show plaintiff entitled to the rent.

No other questions need consideration. Upon the assumption assented to at the trial that there was a lease binding for one year, no error was committed.

The judgment must be affirmed, with costs.

All concur.

Judgment affirmed.