(7 Misc. Rep. 722.)

### DOOLITTLE v. SELKIRK.

(Common Pleas of New York City and County, General Term. April 2, 1894.)

1. LANDLORD AND TENANT—SURRENDER OF LEASE—ACCEPTANCE.
    Where a tenant abandons the premises, and returns the keys to the landlord's agent, who retains the same, but notifies the tenant that he will rent the premises on his account, there is not a surrender and acceptance.

2. SAME—EVICTION—BREACH OF CONTRACT TO REPAIR.
    A lessor agreed to put in a new furnace, but there was no stipulation as to the amount of heat that it should give, and it failed to give out heat according to its capacity because of a defect in the pipe connections. Held, that failure of the landlord to remedy such defect, which could have been done at a small expense, was not an eviction, as the lessee could have done it, and set off the cost against the rent.

3. SAME—RIGHT OF TENANT TO ABANDON PREMISES.
    Breach by a landlord of a covenant to repair does not authorize an abandonment by the tenant, unless the repairs were made a condition precedent to the tenant's obligation to occupy the premises.

Appeal from first district court.

Action by Joseph W. Doolittle against Robert W. Selkirk to recover rent of a dwelling house in East Orange, N. J., known as "No. 83 Grove Street," for five months (from December 1, 1891, to May 1, 1892), at $40 per month, payable monthly in advance, and also the water tax, amounting to $2.60. There was a judgment in favor of defendant, and plaintiff appeals. Reversed.

The premises were let to defendant, by lease under seal, dated April 8, 1891, for one year from the 1st of May following. The tenant abandoned

the premises about December 17, 1891; having paid rent up to, and including, the month of November previous. The defenses pleaded were: (1) Surrender and acceptance. (2) Agreement by the landlord, in the lease, to put a new furnace in the premises in the fall of 1891; that the same would be properly erected, and the pipes leading from the same would be properly connected throughout the house; and that she failed and refused to do so, to defendant's damage. (3) Dangerous condition of the premises at the time defendant went into possession, which condition was unknown to him, but known to the landlord, who allowed them to remain therein, although repeatedly notified thereof. (4) Eviction (this being allowed by amendment on the trial).

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Mooney & Shipman, for appellant.

Wells & Waldo, for respondent.

DALY, C. J. The defense of surrender and acceptance of the premises was not proved. When the tenant abandoned them, he sent the keys to the landlord's agent, who retained them, and notified defendant that he would rent the premises on his account. The retention of the keys did not amount to an acceptance and surrender. The landlord was not bound to tender a return of them. Thomas v. Nelson, 69 N. Y. 118. The subsequent admission of a tenant in the month of April following, in advance of a new term to commence in May, was not a surrender and acceptance. The landlord, under the lease, had the right, if the premises were deserted, to re-enter, and relet them.

There was no breach of contract, and no eviction, by the landlord. She agreed to put in a new furnace, and did so. There was no stipulation as to the amount of heat it should give. It failed to give out heat according to its capacity, because there was a defect in the pipe connections which caused a loss of two-thirds of the hot air, but of this defect the landlord was not notified. Even if she had been notified, and failed to remedy it (without the intention to deprive the tenant of the beneficent enjoyment of the premises), and the tenant could have had the work done at a small expense (in this case, $25, which would have been set off against the rent), it would not have been an eviction. When the landlord, without intending to keep the tenant out of possession, retains a small portion of the demised premises, it is not an eviction. Vanderpool v. Smith, 1 Daly, 311. There was no willful interference of the landlord with the beneficial enjoyment of the premises, as in Dyett v. Pendleton, 8 Cow. 727, and Edgerton v. Page, 20 N. Y. 281. The furnace put in by the landlord failed to yield its proper amount of heat, from a defect of which the landlord had no notice. She employed a competent expert to put in the furnace, and any defect in its connections should have been called to her attention. The tenant had entire control of the furnace, and the opportunity to discover defects, if any, in its construction. The covenant to put in a new furnace by a certain date in the fall was not a condition precedent to the payment of rent, as is sometimes the case with respect to covenants to put demised premises in repair. Kiernan v. Germain, 61 Miss. 503; Strohecker v. Barnes, 21 Ga. 430. Her covenant, and that of the tenant, were independent, and her failure to perform would not be

a defense to an action for the rent.  Failure of the landlord to make repairs is no defense to an action for rent.  12 Am. & Eng. Enc. Law, 1005.  The landlord's breach of a covenant to repair would not authorize an abandonment by the tenant, unless, by the terms of the agreement, the repairs were made a condition precedent to the tenant's obligation to occupy the premises.  Speckels v. Sax., 1 E. D. Smith, 253.

There was no proof that the premises were in a dangerous condition when let.  The sole complaint of the tenant was with respect to the insufficiency of the furnace subsequently put in.  The real claim of the defendant is that by reason of the insufficient heat the premises became untenantable, and he had a right to abandon them. Such right is given by statute in this state, and does not exist independently of statute.  There is no proof of the statute law of the state of New Jersey, where these premises are situated, and there is no presumption of any enactment there similar to our own. Graves v. Cameron, 9 Daly, 153.  But in addition this was the letting of an entire dwelling house, of which the tenant had exclusive possession and control, no part of which was reserved to or retained by the landlord, as in the case of tenements occupied by several families, where the landlord controls the supply of steam heat, hot-air furnaces, water supply, and the like, and whose acts or omissions may constitute an eviction, and justify the tenant in abandoning the premises.  Ryan v. Jones, 2 Misc. Rep. 65, 20 N. Y. Supp. 842; Lawrence v. Burrell, 17 Abb. N. C. 312;  Tallman v. Murphy, 120 N. Y. 351, 24 N. E. 716; Bradley v. De Goicourta, 12 Daly, 393.  The plaintiff therefore seems to be entitled to recover the whole amount sued for.  Even had there been an eviction, the rent due on the 1st of December, while the tenant was in possession, would have been recoverable; and so in no event could there be a dismissal of the complaint.  Giles v. Comstock, 4 N. Y. 270.  Judgment reversed; new trial ordered; costs to appellant, to abide event.  All concur.