ROSA WILLIAMS, Respondent, *v.* PALMER G. WILLIAMS et al., Appellants.

In an action of ejectment plaintiff claimed title under a deed from W. Defendants were in possession claiming as heirs at law of W.; the latter continued in possession after the conveyance to plaintiff. Defendants offered to prove on the trial the declarations of W., made to third persons after his conveyance to plaintiff and when he was in possession, to the effect that his intent was not to make an absolute conveyance to plaintiff, but he had divested himself of title to avoid threatening embarrassments of litigation. *Held,* that such declarations were inadmissible, and so were properly rejected.

(Argued March 15, 1894; decided April 10, 1894.)

APPEAL from judgment of the General Term of the Supreme Court, entered upon an order made December 9, 1892, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This was an action of ejectment.

The facts, so far as material, are stated in the opinion.

*Lynn J. Arnold* for appellants. The delivery of a deed is a question of intention. (Devlin on Deeds, §§ 260, 261, 324.) The handing of a deed to the grantee named therein does not of itself constitute a valid and legal delivery. (Devlin on Deeds, §§ 262, 269, 324 ; *Denis* v. *Vilati,* 96 Cal. 223 ; *Ford*

v. *James,* 2 Abb. Ct. App. Dec. 162 ; *Deitz* v. *Farish,* 79 N. Y. 520.) Parol evidence is admissible to show that a deed was never in fact delivered with intent to effectuate a conveyance. (*Roberts* v. *Jackson,* 1 Wend. 478 ; *Ford* v. *James,* 2 Abb. Ct. App. Dec. 162 ; Jones on Const. of Com. Cont. §§ 163, 164, 165 ; *Black* v. *Lamb,* 12 N. J. Eq. 116.) Declarations of Benjamin R. Williams, the grantor named in this deed, made while in possession of the property described therein and in possession of the deed offered on part of defendants, were admissible. (*Van Valen* v. *Schermerhorn,* 22 How. Pr. 416 ; *Abeel* v. *Van Gelder,* 36 N. Y. 513 ; *Morss* v. *Jacobs,* 33 How. Pr. 90 ; *Morss* v. *Salisbury,* 48 N. Y. 636 ; *Swettenham* v. *Leary,* 18 Hun, 384 ; *Edmonston* v. *Edmonston,* 13 id. 133 ; *Jackson* v. *Vredenburgh,* 1 Johns. 163 ; *Jackson* v. *Van Deusen,* 5 id. 144 ; *Loos* v. *Wilkinson,* 110 N. Y. 195 ; *People* v. *Gardner,* 73 Hun, 67.) The refusal of the trial judge to charge the jury that the fact that Benjamin R. Williams was in possession at the time of his death, and that the papers were found in his possession at that time, establishes *prima facie* title in the defendants, was error. (*Frantz* v. *Ireland,* 66 Barb. 386 ; *Whiton* v. *Snyder,* 88 N. Y. 299.) The evidence fails to establish a legal delivery of the deed. (Gerard on Titles, 545 ; Devlin on Deeds, § 324 ; *Ford* v. *James,* 2 Abb. Ct. App. Dec. 159 ; *Deitz* v. *Farish,* 79 N. Y. 520 ; *Denis* v. *Vilati,* 96 Cal. 223 ; *Whiton* v. *Snyder,* 88 N. Y. 299 ; *Gray* v. *Barton,* 55 id. 68 ; *Curry* v. *Powers,* 70 id. 212 ; *Young* v. *Young,* 80 id. 422 ; *Jackson* v. *R. Co.,* 88 id. 521.)

*Giles B. Everson* for respondent. The consideration for deeding property to plaintiff was ample. Besides the money paid there was other valuable consideration expressed in the deed and as a matter of fact. (*Rockwell* v. *Brown,* 54 N. Y. 213.) The intent of Benjamin R. Williams to deliver the deed to plaintiff and to vest the title in her immediately is manifest from his own declarations. (*Spencer* v. *Carr,* 45 N. Y. 406.) Where both parties are present at the time when a communication is made by one of them to his attorney

or counsel, there is nothing confidential in the communication. ( *Whiting* v. *Barney*, 30 N. Y. 330 ; *Britton* v. *Lorenz*, 45 id. 51, 57 ; *Coveney* v. *Tannahill*, 1 Hill, 33.) So if the deed has been lost, or is in the hands of the adverse party, who refuses to produce it upon the trial, or for the purpose of the suit, the attorney who witnessed the deed may be compelled to testify as to the contents thereof, although in the preparation of such deed he was professionally employed. (*Bank of Utica* v. *Mersereau*, 3 Barb. Ch. 597, 598.) An attorney employed to draw a deed is competent to testify as to the directions received by him from the parties, and as to the transaction between them at the time. Knowledge acquired under such circumstances is not within the class of privileged communications. (*Hebbard* v. *Haughian*, 70 N. Y. 54 ; *Brennan* v. *Hall*, 14 N. Y. Supp. 864 ; *Greer* v. *Greer*, 12 id. 778 ; *Martin* v. *Platt*, 4 id. 539 ; *Hurlburt* v. *Hurlburt*, 128 N. Y. 420 ; *Rosseau* v. *Bleau*, 131 id. 177.) The declarations of a grantor cannot be used to defeat his conveyance. Nor are declarations, confessions or admissions of his to be admitted against the grantee. ( *Vrooman* v. *King*, 36 N. Y. 477 ; *Crowder* v. *Hopkins*, 10 Paige, 183 ; *Jackson* v. *Aldrich*, 13 Johns. 106, 107 ; *Wells* v. *O'Connor*, 27 Hun, 426 ; *Jones* v. *Jones*, 137 N. Y. 610.) A deed cannot be delivered to the grantee as an escrow to take effect upon a condition not appearing upon its face. Such a delivery is absolute at law. ( *Worrall* v. *Munn*, 5 N. Y. 229 ; *Arnold* v. *Patrick*, 6 Paige, 310 ; *Wallace* v. *Berdell*, 97 N. Y. 24 ; *Spencer* v. *Carr*, 45 id. 410.)

GRAY, J. The plaintiff has recovered a verdict, in ejectment, against these appellants ; who were in possession of certain lands, claiming as heirs at law of Benjamin R. Williams deceased. The plaintiff claimed to own the lands in fee, and to be entitled to their possession, under a deed executed and delivered to her by Williams in April 1890. There was sufficient evidence, with respect to the making of this deed, its delivery to the plaintiff and the consideration for the grant,

to support the verdict of the jury and it will not be disturbed, in the absence of any material errors committed upon the trial. The appellants, however, rely upon exceptions to certain rulings by the trial judge; of which we need only consider those by which were excluded the declarations of the grantor, Williams, made to third persons, after his grant of the lands, and which were offered by the defendants, to prove that he had not intended to make an absolute conveyance to the plaintiff. It was their theory that he had only divested himself of his property to avoid threatening embarrassments of litigation ; out of which he eventually came, free of trouble. We think his declarations were wholly inadmissible as against his grantee. Their admissibility is sought to be defended upon these grounds; that the grantor remained in possession and his declarations were proper to characterize that possession; that they were admissible to show the intent with which the deed was executed and that they were admissible as part of the *res gestæ.* But all of these grounds are answered by the fact that Williams had executed and delivered to plaintiff the deed of these lands, and was not in their possession under any claim of title. If the action had been by creditors to set aside the conveyance, upon the ground of its having been fraudulently made, the declarations of the grantor would then have been admissible to characterize his possession. (*Loos* v. *Wilkinson,* 110 N. Y. 195, 211.) In such a case, as it was said in *Loos* v. *Wilkinson,* they would be regarded as in the nature of *res gestæ* declarations and competent on the question of the grantor's fraud. But there is no such question in this case, and there is no occasion to depart from the long-settled and familiar rule that the declarations or acts of a grantor, subsequently to his grant, will never be permitted to be shown in disparagement, or to the prejudice, of his grantee's rights. (1 Phil. Evid. [C. & H.'s Notes] 223 ; *Jackson* v. *Aldrich,* 13 Johns. 106 ; *Padgett* v. *Lawrence,* 10 Paige at p. 180 ; *Vrooman* v. *King,* 36 N. Y. 477.)

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.