(11 Misc. Rep. 322.)

### REQUA v. DOMESTIC PUB. CO.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

LANDLORD AND TENANT—SURRENDER AND ACCEPTANCE OF PREMISES.

> Where a lessee removed from demised premises before the end of his term, testimony of the lessor that the shelving, etc., used by the lessee was merely covered with curtains, but was not used by the lessor, and that the floor space in the show window alone was used by the lessor, but not in such a manner as to interfere with the use to which the lessee put it, is sufficient to sustain a finding that there was not a surrender and acceptance.

Appeal from Third district court.

Action by Zadi L. Requa against the Domestic Publishing Company for rent. From a judgment in favor of plaintiff, rendered by the justice without a jury, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Henry B. Kinghorn, for appellant.
Louis H. Hahlo, for respondent.

BISCHOFF, J. This action was brought to recover rent due for one month under a year's lease to the defendant of a portion of the plaintiff's store and show window. The defendant removed from the

premises prior to the time when the rent sued for accrued, and upon this appeal but one point is presented, namely, whether the evidence did not establish a surrender and acceptance of the premises, and a consequent termination of defendant's liability under the lease. From the evidence given on behalf of the plaintiff it appears that, after the defendant had vacated the premises, the shelving and counter space reserved for its use was not occupied, but was merely covered with curtains and cloths, in order that the bare appearance presented should be in some degree avoided, and the floor space in the show window alone was used by the plaintiff, but not in such a manner as to interfere with the use to which it was put by the defendant, which was for the exhibition of a draped wax figure. Certainly no intention to resume possession of that portion of the premises which was leased to the defendant is to be gathered from the case as presented by the plaintiff, nor can the acceptance of a surrender be legally implied therefrom; and, while the defendant's evidence presents a conflict upon this question of occupancy, the plaintiff's proofs were not overborne in any such degree as would authorize a reversal of the judgment as against the weight of the evidence. A surrender such as will terminate the lease and the obligations of the parties thereunder may be by agreement, express or implied, or by operation of law (12 Am. & Eng. Enc. Law, pp. 758h, 758j, and cases cited), but in any case the facts must suffice to establish an acceptance by the landlord, or an intent upon his part to terminate the tenancy (citation, supra; Thomas v. Nelson, 69 N. Y. 118; Coe v. Hobby, 72 N. Y. 146; Auer v. Penn, 99 Pa. St. 370). Crediting the testimony of the plaintiff, the justice rendered judgment upon a state of facts which furnished proper foundation for a finding that no acceptance of the defendant's renunciation of its tenancy had resulted, and that an intent, express or implied, to terminate the existing relation had not been shown. Judgment affirmed, with costs. All concur.