BURDEN et al. v. BURDEN et al.

(Supreme Court, Appellate Division, Second Department. November 20, 1896.)

DEEDS—DELIVERY—EVIDENCE.

A grantor conveyed land to his nephew, who thereupon conveyed it to grantor's wife. The two deeds were not recorded until the grantor's death, 20 years afterwards. The wife swore to the delivery, and her retention of the deeds. She was corroborated by the nephew, and by the attorney in whose office they were executed. *Held* sufficient proof of delivery, which was not rebutted by the fact that the grantor had possession, and paid taxes on the property to the time of his death; and that, together with his wife, he had conveyed parts of it to others, after execution of the deed to her.

Appeal from special term, Queens county.

Action by Walter H. Burden and Charles E. Burden against Lavinia A. Burden and others to determine a claim for real estate. The complaint was dismissed on the merits, and plaintiffs appeal. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Augustus N. Weller, for appellants.
Thomas C. Ennever, for respondents.

WILLARD BARTLETT, J. The plaintiffs are sons and heirs at law of the late Capt. Henry Burden, of Long Island City. The defendant Lavinia A. Burden is his widow. On October 2, 1875, Capt. Burden, being the owner of certain valuable real estate in the town of Newtown, in Queens county, executed a conveyance of the same to Henry Burden, a nephew, who, with his wife, thereupon immediately executed a further conveyance thereof to Lavinia A. Burden. There is no doubt that these deeds were made for the purpose of transferring the title of the property from Capt. Burden to his wife, through his nephew as an intermediary. They were not recorded, however, during the lifetime of the captain, nor does their existence appear to have been known to his children until after his death. He died on October 30, 1895, and the deeds were placed on record in the office of the county clerk of Queens county, at the instance of the widow, on November 2, 1895. The plaintiffs insist that the conveyances were never delivered, and seek on this ground to have them set aside as a cloud on their title as heirs at law. To sustain their position, the plaintiffs proved that Capt. Burden retained possession of all the property, except two pieces, during the 20 years between the time of the execution of the above-mentioned deeds and the time of his death; that in 1888 he conveyed a part of the land to the plaintiff Charles E. Burden,—his wife, the defendant Lavinia A. Burden, joining in the conveyance in order to cut off her dower; that in 1892 he made a similar conveyance of another piece to the Architectural Terra-Cotta Company, in which his wife also joined; and that he continued to pay the taxes upon all the property except the two portions thus conveyed. The theory of the plaintiffs' case was that Capt. Burden formed the intention in 1875 of conveying this real estate to his wife to avoid a liability which he apprehended as one of the directors of a bank which had then recently failed, but that, after executing the deeds, he changed his mind, concluded not to deliver them, and kept them in a box, in his own possession, up to the time of his death. The plaintiffs offered testimony tending to show that the defendant Lavinia A. Burden had admitted this to be the fact. Mrs. Burden, however, denied having made any such admission, and swore positively to the actual delivery of the deeds to her on the day of their execution, and to her retention of them always afterwards. As to the delivery, her testimony was strongly corroborated by that of the nephew, Henry Burden, who appears to have been a wholly disinterested witness, and who swore that he himself handed the deeds to his aunt, Mrs. Lavinia A. Burden, at the law office of Mr. Otto Horwitz, where they were executed. Further corroboration, although less positive in its character, was furnished by the testimony of Mr. Horwitz. Considering the evidence as a whole, I think the learned trial judge was undoubtedly right in holding that the deeds had been delivered. This was the only litigated issue of fact. It was tried most favorably to the plaintiffs, who were allowed to prove Capt. Burden's declarations concerning his ownership of the land, made after the execution of the conveyances to his wife, and in her absence. Notwithstanding this testimony, the court found that there had been a

delivery, on evidence sufficient to support such finding. The fact that some of the property had meantime been conveyed away to third parties by the grantor in the unrecorded deed was not conclusive evidence against a delivery. Williams v. Williams, 142 N. Y. 156, 36 N. E. 1053. In the case cited the appeal book shows that the defendant had subsequently sold a part of the land which he originally conveyed to the plaintiff by an unrecorded deed, and yet a judgment in ejectment in her favor for the recovery of the remaining land was sustained.

The judgment should be affirmed.