## RICHARDS v. SCHIFF.

(Supreme Court, Appellate Division, Second Department.　October 10, 1899.)

APPEAL—REVIEW—FINDINGS OF COURT.

A judgment will not be reversed because the appellate court may think the preponderance of the evidence against the findings of the trial court, where there is sufficient to sustain such findings on the hypothesis that the trial court gave more credence to the witnesses for the prevailing party.

Appeal from city court of Yonkers.

Action by Edward J. Richards against Mackenzie Schiff.    Judgment for plaintiff, and defendant appeals.    Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Joseph F. Daly, for appellant.

John H. Ferguson, for respondent.

GOODRICH, P. J.    The plaintiff sues to recover the sum of $1,582, the value of work done and materials furnished at the request of the defendant in painting, papering, and decorating his house and barn in Yonkers.    The answer admits that the plaintiff did some work, but denies the alleged value, and alleges that the plaintiff agreed to do the work on the Yonkers house, and also work upon another house of the defendant in Brooklyn, for the aggregate sum of $516.50, which has been paid.    The issues were tried by the court without a jury.    The court found as matter of fact that the value of the work was the amount claimed, and refused to find that the contract set up in the answer was made, or that the work was done under such a contract, and not otherwise.    The court ordered judgment for the amount claimed, and from such judgment the defendant appeals.

The chief ground of appeal is that the findings of fact are against the weight of evidence.    Possibly we might have concluded that the plaintiff had not the preponderance of evidence, if we were sitting as a court of first instance, but, as an appellate court, we are not controlled by such reason.    We can only examine the record to ascertain whether there is sufficient evidence to sustain the findings, in the hypothesis that the trial court gave greater credence to the testimony of the witnesses for the prevailing party than it gave to his opponent.    From a careful examination of the evidence, we think such was the fact, and that it is just that the plaintiff should have judgment.

Judgment affirmed, with costs.    All concur.