## VAN ARSDALE v. BUCK.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

**1. LANDLORD AND TENANT—RELATION—PROOF.**

    Evidence that testator occupied and used premises belonging to his wife on which two mortgages had been given, and had admitted that he was to pay his wife, as rental for the property, the taxes and assessments levied thereon and the interest on the mortgages, was sufficient to justify a finding, in an action for use and occupation, that the relation of landlord and tenant existed between the parties.

**2. SAME—USE AND OCCUPATION—STATUTE OF FRAUDS—DEFENSES.**

    Where a tenant entered under a parol contract for the leasing of land for a longer period than a year, and continued to occupy the property thereunder, the statute of frauds was no defense to an action for use and occupation.

**8. SAME—OFFER OF PROOF.**
>    Where testator's wife had assigned a claim for use and occupation of
> her property by testator to plaintiff, an offer of proof, in an action
> thereon, that the wife had stated that there was no agreement between
> herself and her husband as to the payment of rent, and that she did not
> claim any beneficial ownership in the property, without limitation as to
> time, was properly disallowed.

Appeal from Judgment on Report of Referee.

Action by William E. Van Arsdale against Frank M. Buck, as executor of the estate of William H. Van Arsdale, deceased. From a judgment on a referee's report in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Edgar K. Brown, for appellant.
Frederick W. Clark, for respondent.

GOODRICH, P. J. The plaintiff is the son of William H. Van Arsdale, deceased, and Jane, his wife. In September, 1879, certain lots at Mount Vernon were conveyed to Jane, who gave back a mortgage for the entire consideration. Subsequently, buildings were erected and a new mortgage of $12,000 was executed. Since that time there has been no change in the legal title of the premises, but the defendant contends that the property in fact belonged to the deceased. The referee has found on sufficient evidence that Jane has been the owner since the date of her deed, and that the deceased used and occupied the premises as a livery stable up to the date of his death, in March, 1899, under an agreement that he should pay as rent the taxes and assessments which might be imposed thereon, together with the interest on the mortgage. These items were paid by the deceased up to about May, 1892, and Jane, after his death, paid the taxes and assessments, amounting to $2,835.85. Jane assigned her claim to the plaintiff. The issues were referred to Herbert D. Lent, Esq., and, from the judgment entered upon his report in favor of the plaintiff, the defendant appeals.

The parties stipulated before the referee that the plaintiff was indebted to his father at the time of his death in the sum of $1,165.56. The plaintiff contended that he paid a bill of $95.55, at the request of the deceased, for the funeral expenses of a nephew of the deceased, and also that he was the assignee of Jane of the above-mentioned claim of $2,835.85 paid by Jane for unpaid taxes and assessments upon the premises, which should have been paid by the deceased. There were other items claimed by the plaintiff, the examination of which is not essential to our decision, as the referee has not allowed them. From the amount of taxes and the funeral expenses he deducted the amount of the conceded indebtedness of the plaintiff, and found in favor of the plaintiff for the difference.

The defendant contended that it was incumbent on the plaintiff to prove an agreement between Mr. and Mrs. Van Arsdale for the rental of the premises, and that it was not proven. But the use and occupation were abundantly proven, also that the deceased ad-

mitted that he was to pay his wife, as rental, the taxes, assessments, and interest on the mortgage. In Preston v. Hawley, 101 N. Y. 588, 5 N. E. 770, it was declared to be the settled law of this state that while, in an action for rent for use and occupation of premises, it was necessary to prove the conventional relation of landlord and tenant, "it was not, however, essential that the relation should be created by written instrument or express agreement, but there must be proof of some circumstances authorizing an inference that the parties intended to assume such relations toward each other to support the action." The evidence before us was sufficient to justify the referee in drawing such an inference. Although the statute of frauds provides that a parol contract for leasing land for a longer period than one year shall be void, yet, if a tenant enters under it and occupies, he may be compelled to pay for the use and occupation. Thomas v. Nelson, 69 N. Y. 120.

As to the claim for funeral expenses, the defendant contends that it was a promise to pay the debt of another, and therefore void because not in writing. But the evidence is sufficient to show that it was an original promise to pay a debt to be contracted, and therefore not within the statute.

The defendant also contends in his brief that it was error to exclude an offer to prove that Jane, both before and after her assignment to the plaintiff, stated that there was no agreement between herself and her husband as to the payment of rent, and that she did not claim any beneficial ownership in the property. But her counsel is not justified in this statement of his offer, and his brief is misleading. There was no offer to prove that "both before and after her assignment" to the plaintiff she made any such declination. The offer did not use the words. It was a general offer as to time, and therefore open to the objection that the statement which he offered to prove might have been made after the assignment to the plaintiff. Such evidence would have been inadmissible to affect the title of her assignee. Williams v. Williams, 142 N. Y. 156, 36 N. E. 1053.

The judgment, therefore, must be affirmed, with costs. All concur.