WILLIAM E. VAN ARSDALE, Respondent, *v.* FRANK M. BUCK, as Sole Acting Executor, etc., of WILLIAM H. VAN ARSDALE, Deceased, Appellant.

*Statute of Frauds — an oral lease for more than one year — a tenant entering thereunder compelled to pay rent — an original promise to pay the funeral expenses of a third person — declarations of an assignor of a claim made after the assignment.*

While an oral lease of land for a longer period than one year is void under the Statute of Frauds, yet if a tenant enters under such a lease and occupies the premises for a number of years he may be compelled to pay for the use and occupation.

What promise to pay a sum of money for the funeral expenses of a third person is not within the Statute of Frauds, considered.

Declarations made by the assignor of a claim, after the assignment thereof, to the effect that the claim had no valid basis, are not admissible as against the assignee.

APPEAL by the defendant, Frank M. Buck, as sole acting executor, etc., of William H. Van Arsdale, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 12th day of September, 1902, upon the report of a referee.

*Edgar K. Brown,* for the appellant.

*Frederick W. Clark,* for the respondent.

GOODRICH, P. J. :

The plaintiff is the son of William H. Van Arsdale, deceased, and Jane, his wife. In September, 1879, certain lots at Mount Vernon were conveyed to Jane, who gave back a mortgage for the

entire consideration. Subsequently, buildings were erected and a new mortgage of $12,000 was executed. Since that time there has been no change in the legal title of the premises, but the defendant contends that the property in fact belonged to the deceased. The referee has found on sufficient evidence that Jane has been the owner since the date of her deed, and that the deceased used and occupied the premises as a livery stable up to the date of his death, in March, 1899, under an agreement that he should pay as rent the taxes and assessments which might be imposed thereon, together with the interest on the mortgage. These items were paid by the deceased up to about May, 1892, and Jane, after his death, paid the taxes and assessments, amounting to $2,835.85. Jane assigned her claim to the plaintiff. The issues were referred to Herbert D. Lent, Esq., and from the judgment entered upon his report in favor of the plaintiff the defendant appeals.

The parties stipulated before the referee that the plaintiff was indebted to his father at the time of his death in the sum of $1,165.56. The plaintiff contended that he paid a bill of $95.55, at the request of the deceased, for the funeral expenses of a nephew of the deceased and also that he was the assignee of Jane of the above-mentioned claim of $2,835.85 paid by Jane for unpaid taxes and assessments upon the premises, which should have been paid by the deceased. There were other items claimed by the plaintiff, the examination of which is not essential to our decision as the referee has not allowed them. From the amount of taxes and the funeral expenses he deducted the amount of the conceded indebtedness of the plaintiff and found in favor of the plaintiff for the difference.

The defendant contended that it was incumbent on the plaintiff to prove an agreement between Mr. and Mrs. Van Arsdale for the rental of the premises and that it was not proven. But the use and occupation were abundantly proven, also that the deceased admitted that he was to pay his wife as rental the taxes, assessments and interest on the mortgage. In *Preston* v. *Hawley* (101 N. Y. 588) it was declared to be the settled law of this State that while in an action for rent for use and occupation of premises it was necessary to prove the conventional relation of landlord and tenant, "it is not, however, essential that the relation should be created by written

instrument or express agreement, but there must be proof of some circumstances authorizing an inference that the parties intended to assume such relations toward each other to support the action." The evidence before us was sufficient to justify the referee in drawing such an inference.

Although the Statute of Frauds (2 R. S. 135, § 8, revised by Laws of 1896, chap. 547, § 224) provides that a parol contract for leasing land for a longer period than one year shall be void, yet if a tenant enters under it and occupies, he may be compelled to pay for the use and occupation. (*Thomas* v. *Nelson,* 69 N. Y. 121.)

As to the claim for funeral expenses, the defendant contends that it was a promise to pay the debt of another, and, therefore, void because not in writing. But the evidence is sufficient to show that it was an original promise to pay a debt to be contracted and, therefore, not within the statute (2 R. S. 135, § 2, as amd. by Laws of 1863, chap. 464, revised by Laws of 1897, chap. 417, § 21).

The defendant also contends in his brief that it was error to exclude an offer to prove that Jane *both before and after her assignment* to the plaintiff stated that there was no agreement between herself and her husband as to the payment of rent, and that she did not claim any beneficial ownership in the property. But her counsel is not justified in this statement of his offer, and his brief is misleading. There was no offer to prove that *both before and after her assignment* to the plaintiff she made any such declination. The offer did not use the words. It was a general offer as to time and, therefore, open to the objection that the statement which he offered to prove might have been made after the assignment to the plaintiff. Such evidence would have been inadmissible to affect the title of her assignee. (*Williams* v. *Williams,* 142 N. Y. 156.)

The judgment, therefore, must be affirmed, with costs.

BARTLETT, WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred.

Judgment affirmed, with costs.