JERONEMUS S. UNDERHILL, Respondent, *v.* SAMUEL COLLINS, Appellant.

132   269
d162  395
d162  396
d162  397

*It seems* the acceptance by the landlord of the surrender of demised premises will prevent the recovery of rent thereafter accruing, and if the landlord takes possession after a surrender and re-lets the premises to another, he will be deemed to have accepted the surrender, unless there are facts rebutting this inference.

Where, however, it appeared that the landlord refused to accept a surrender and notified the tenant that he would hold him for the rent, but stated that he would lease the premises for the tenant's benefit, and thereupon the latter left the premises and subsequently the landlord leased them to another, *held*, that there was no acceptance of the surrender; that the renting was for defendant's benefit and on his account; and that the landlord was entitled to recover the rent stipulated, less the amount received from the new tenant.

*Hall* v. *Gould* (13 N. Y. 127), distinguished.

(Argued March 8, 1892; decided March 22, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 12, 1890, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*P. Q. Eckerson* for appellant. The motion to dismiss was on two grounds, one that there had been a surrender and acceptance, and the other was that on the facts as proven, plaintiff could not recover rent as such. This should have been granted. (*Hall* v. *Gould*, 13 N. Y. 127; *Conger* v. *Duryee*, 90 id. 600; *Horton* v. *N. Y. C. R. R. Co.*, 12 Abb. [N. C.] 39; McAdam on Land. & Ten. 330–474; *McKensie* v. *Farrell*, 4 Bost. 204; Taylor on Land. & Ten. § 516; *McKellar* v. *Sigler*, 47 How. Pr. 22; *Wills* v. *Atchison*, 24 Eng. C. L. 228; *Bedford* v. *Terhune*, 30 N. Y. 462; *Schieffelin* v. *Carpenter*, 15 Wend. 400; 3 Wait's Act. & Def. 212, 213.)

*Charles M. Demond* for respondent. There was à *prima facie* case for the plaintiff; it was not incumbent upon him to show affirmatively that he had notified the defendant that he would hold him and would relet the premises for his benefit if he went. (*Morgan* v. *Smith,* 70 N. Y. 537; McAdam on Land. & Ten. 467, 475; *Bloomer* v. *Merrill,* 29 How. Pr. 259; 1 Daly, 485; *Goelet* v. *Ross,* 15 Abb. Pr. 251; *Townsend* v. *Alpers,* 3 E. D. Smith, 560; *Thomas* v. *Nelson,* 69 N. Y. 118.) The judge's charge was in accordance with the law. (3 R. S. [7th ed.] 2326, § 6; *Smith* v. *Devlin,* 23 N. Y. 363; *Fuller* v. *Ruby,* 10 Gra. 285; *Campbell* v. *Shields,* 11 How. Pr. 565; McAdam on Land. & Ten. 477, 491; *Johnson* v. *Openheimer,* 2 J. & S. 416; 55 N. Y. 280.) The motion for a new trial on the minutes was not well founded. (*Beckwith* v. *R. R. Co.,* 64 Barb. 299; *Houck* v. *Stephenson,* 8 J. & S. 543; *Cothran* v. *Collins,* 29 How. Pr. 155.) The action was for rent and not for damages. (*Hall* v. *Gould,* 13 N. Y. 134.)

HAIGHT, J. This action was brought to recover rent.

On September 30, 1886, the plaintiff leased to the defendant a room in the building known as No. 50 Broad street, in the city of New York, for the term of three years and seven months. The defendant entered into possession of the premises under the lease and occupied them until the latter part of May, 1888, at which time he vacated them and went away. After leaving the premises he sent the keys by another person to the plaintiff. The keys were tendered to the plaintiff, but he refused to receive them, and they were left upon his desk.

The plaintiff testified to a conversation with the defendant which occurred before he left the premises, in which the defendant asked him to take the premises off from his hands; that the plaintiff refused to do so, and told him that he should hold him for the rent, but would lease the premises for his benefit.

After the defendant left the premises the plaintiff went and examined the same and found the doors unlocked. He then

returned to his office, took the keys from the desk, locked up the premises and subsequently rented them to another person. The defendant had paid the rent up to June first, and this action was brought for that which subsequently accrued. The recovery was for the rent accrued, less the amount received from the new tenant.

The defendant claimed that there was a room in the building in which gambling was carried on, and that in consequence there was a breach of the covenant of quiet enjoyment on the part of the plaintiff. But upon this issue the evidence was not sufficient to establish such breach, and the trial court so instructed the jury, and no exception was taken thereto.

Upon the trial, and after the plaintiff had rested, the defendant moved to dismiss the complaint on the ground that the plaintiff had accepted a surrender of the premises by leasing them to another party. This motion was denied and an exception taken.

The acceptance by the landlord of the surrender of leased premises would prevent the recovery of rent not already due, and if the landlord takes possession of such premises so surrendered and relets them to other parties, he will be deemed to have accepted a surrender unless there are facts rebutting this inference.

We must, therefore, refer to the evidence for the purpose of determining whether the plaintiff intended to accept a surrender. As we have seen, he refused to accept a surrender of the premises at the interview he had with the defendant. He then told him that he should hold him for the rent; that if he left the premises he would rent them for and on his account. It was under these circumstances that the defendant left the premises and sent the keys by another person to the plaintiff. The plaintiff, in reletting the premises, did only that which he had promised and had the right to do. He could have left the premises vacant during the unexpired term of the lease, and required the tenant to pay the rent as it matured. The reletting of the premises for the benefit of the tenant relieves him in part of the burthen that he otherwise would have had

to bear. He is, therefore, a gainer rather than a loser by reason of such reletting. It may be true that such reletting would operate as an acceptance of a surrender of the premises unless there is an agreement, express or implied, that such reletting may be made. But under the facts disclosed in the testimony to which we have referred, such agreement or authority may be implied. (McAdam on Landlord and Tenant, §§ 205–210 ; *Morgan* v. *Smith,* 70 N. Y. 537–546 ; *Bloomer* v. *Merrill,* 1 Daly, 487 ; *McKensie* v. *Farrell,* 4 Bosw. 192.)

It is claimed that the action should have been for damages and not for rent accrued. But the relation of landlord and tenant had not ceased to exist. The reletting, as the plaintiff claims, was for the defendant and on his account. The plaintiff but served the defendant as his agent in the transaction.

In the case of *Hall* v. *Gould* (13 N. Y. 127), the landlord had retaken possession of the premises in consequence of a breach of the lease by the tenant, who had covenanted not to use the premises for any disreputable business. In that case the re-entry of the landlord was held to terminate the lease, and that rent, as such, could, therefore, no longer accrue to the lessor, but he had his right of action for damages for the breach of the covenant.

That case has no application to the question under consideration.

The judgment should be affirmed, with costs.

All concur, except FOLLETT, Ch. J., dissenting.

Judgment affirmed.