Gtldersleeve, J.
This action was brought to recover rent of certain premises. The court below directed a verdic^for plaintiff, and the defendant appeals from the judgment entered thereon. The making of the lease was admitted by the defendant. The recovery was for a term covered by an alleged renewal which the defendant, in his answer, denies making. The proof clearly establishes a holdiug over by the defendant, and the creation thereby of a liability to the plaintiff for the rent'sought to be collected. The holding over was an election to renew the lease, and continued the tenancy for the whole balance of flhe unexpired time. Elwood v. Forkel, 35 Hun, 202. The defendant did not show a surrender, nor is there such a conflict of testimony as to this alleged defense that called for its submission to the jury. The testimony relied upon to establish the alleged surrender consists of conversations between the parties had before the bolding over took place. At the most the statements thus made by the defendant can only be considered as information to the plaintiff of something the defendant proposed to do. There is no evidence that he ever did what he proposed. The proof will not sustain a finding of surrender and acceptance. The plaintiff owed the defendant no duty to relet the premises. The rejection of proof tending to show the plaintiff’s neglect in this regard was not error. The appellant’s objections to the validity of the judgment, not already considered, rest upon some alleged breach of a covenant in the lease. The pleadings do not admit any such clause as claimed by the appellant. The lease was not put in evidence on the trial. No proof was offered as to the covenant in question, and there is nothing in the record upon which to base a discussion of the rights of the parties arising from the covenants in the lease.
The judgment is right and should be affirmed, with costs to the respondent.