John Gray, Appellant, _v._ The Kaufman Dairy and Ice Cream Company, Respondent.

_Landlord and tenant — surrender of premises — when a question for the jury._

In an action brought to recover rent, under a written lease of real property, the testimony tended to show that the defendant sent plaintiff the keys of the premises about October 31, 1893, and that they were received by the plaintiff November 2, 1893. On November 3, 1893, plaintiff wrote defendant that he did not accept the surrender, that he intended to hold defendant for the rent and that he would rent the premises for defendant's account, and hold him for the damages that might be sustained. Plaintiff requested that the case be sent to the jury on the question whether there was a surrender, as matter of fact, which was denied and a verdict was directed for the defendant.

_Held_, that, as the jury would have been justified in finding from defendant's silence that it assented to the terms thus prescribed, in which case there would have been an implied agreement between the parties that plaintiff might relet the premises for defendant's account, which would have been sufficient to justify a finding that there was no surrender, a denial of the request of the plaintiff to go to the jury, on the question whether there was a surrender, as a matter of fact, necessitated the ordering of a new trial.

Appeal by the plaintiff, John Gray, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 28th day of January, 1895, upon the verdict of a jury, rendered by direction of the court after a trial at the Kings County Circuit, and also from an order entered

in said clerk's office on the 18th day of January, 1895, denying the plaintiff's motion for a new trial made upon the minutes.

This action was brought to recover the rent of real property under the terms of a written lease. The defense interposed was that the defendant surrendered to the plaintiff the demised premises, and that the plaintiff, in violation of the terms and covenants in said lease contained, entered upon said premises, took full possession thereof, evicted the defendant therefrom and nailed up the doors and barred the entrance thereto and refused the defendant access to the premises, and that such acts constituted an acceptance of said surrender and a waiver of the lease.

*Jacob F. Miller*, for the appellant.

*M. Linn Bruce*, for the respondent.

PRATT, J.:

The only doubt in my mind about the disposition of this case by the learned trial judge arises on plaintiff's request " to go to the jury on the question whether there was a surrender as matter of fact." The testimony tended to show that defendant sent plaintiff the keys of the premises about October 31, 1893, and that they were received by plaintiff November 2, 1893. On the next day, November 3, 1893, plaintiff wrote defendant that he did not accept the surrender ; that he intended to hold defendant for the rent, and that he should rent the premises for defendant's account and hold him for the damages that might be sustained. With this testimony before us I· do not see why the jury would not have been justified in finding from defendant's silence that it assented to the terms thus prescribed, which were that plaintiff should let the premises for its account. Such a finding would have been warranted by the authority of *Underhill* v. *Collins* (132 N. Y. 272).

If the jury had so found, then by the same authority there would have been an implied agreement between the parties that plaintiff might relet the premises for defendant's account, and that would have been sufficient to justify a finding that there was no acceptance of the surrender ; in other words, that there was no surrender. I have, therefore, though with much hesitation, reached the conclusion

that a new trial should be ordered, with costs of this appeal to the plaintiff if it shall be found that there was no surrender, and to the defendant, if it shall be found that there was a surrender.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment reversed and new trial granted, with costs of appeal to the plaintiff, if it shall be found by the jury that there was no surrender of the lease, and to the defendant, if it is found there was a surrender.