HATCH, J.
—The state of the law governing the disposition of this case is far from satisfactory, and in some respects there seem to have been a departure from well settled rales governing the relation of landlord and tenant, and the rights and obligations which flow therefrom. We seem forced in the disposition of this case to make choice between authority which may not be reconciled. We proceed to state the dilemma.
In Underhill v. Collins, 132 N. Y. 269, 43 S. R 785, it was held that a landlord who had notified his tenant, before the latter had vacated the premises, that, if he vacated, he would hold him for the rent, but -would lease the premises for his benefit, might, upon the vacation of the premises, by the tenant, relet the same, and collect the difference in the rent reserved under the reletting and the amount reserved in the original lease, and that this transaction did not destroy or affect the relation of landlord and tenant between the original parties, but that the same subsisted to the end of the term. That action was brought to recover installments of rent due as reserved in the lease, less the amount received on the reletting, and a recovery therefor was upheld. The report of this case in the supreme court (Underhill v. Collins, 15 N. Y. Supp. 495) shows that this was the second action brought to recover installments of rent under the lease as they fell due, and it was held that the former recovery was no bar to the second action. This view was upheld by the court of appeals, although the question is not discussed beyond the statement that the action was properly brought for the recovery of rent, instead of damages, as the relation of landlord and tenant continued to exist. The court recognized that a reletting would ordinarily operate as an acceptance of the surrender of the premises, and destroy the relation of landlord and tenant, but that an express or implied agreement for such a reletting would defeat such result, and leave the relation intact. From the circumstances of that case such an agreement was implied. When the present case was before the general term on a former appeal (Gray v. Ice-Cream Co., 89 Hun, 144, 69 S. R. 238) the court reversed a decision which dismissed plaintiff’s complaint, and ordered a new trial. This determination proceeded upon the ground that, as plaintiff had notified the defendants after they had vacated the premises that he did not accept a surrender, but should hold them for rent, and let the premises, on their account, holding them for any loss that might be sustained, and they not replying thereto, it presented a question of fact for determination by the jury, whether defendants had not assented to the terms thus prescribed within the authority of the *535 Underhill Case; that from such circumstances there might be implied an agreement authorizing such reletting, and continuing the relation of landlord and tenant. The only difference that is suggested between this and the Underhill ■Case is that in the latter the notice was given before the tenant vacated the premises, while here the notice was given after. We must conclude that the court on the former .appeal, did not regard this circumstance as controlling to the extent of removing the case, in principle, from the doctrine of the Underhill Case, and we- must now so regard it. It is not now claimed that any material change has been made in the case from that presented on the former appeal. So far as discussion of this particular case is concerned, the law is settled.' But it will be found most difficult to reconcile these decisions with the later case of In re Hevenor, 144 N. Y. 271, 63 S. R. 692. In that case there was an express clause in the lease authorizing the lessor to relet the premises as agent of the lessee, in the event the latter abandoned them. The lessee having failed, and made a general assignment, the lessor relet the premises, and made claim to the assignee of the lessee for the rent reserved, less the amount received from the reletting, under the lease. The claim was rejected by the assignee, and the court sup-' ported him therein. Judge Gray, writing the opinion, says:
“The appellants in their argument, lose sight of the fact that by their acts in re-entering the premises, and re-letting them, as the agent of the assignor, which they were permitted to do under the lease, they put an end to his fixed obligation under the' lease, and left it for the future to determine whether they would have any claim against him. His liability was changed, and thereafter could only be for a possible deficiency.”
And further he says:
“A liability which, if it arose, could only be finally and definitely ascertained at the expiration of the demised term, while it might not arise at all.”
If such be the effect of an express agreement to relet, I am at a loss to determine from what source more authority and virtue are injected into an agreement implied from circumstances. If the effect of the action under the express authority is to put an end to the fixed liability under the lease, and substitute therefor a liability to pay any deficiency which might or might not arise, I am at a loss to understand upon what theory it can be said that the relation continues in pristine vigor, and the liability exists for the rent reserved as it falls due. In the Hevenor Case, however, the point which the court makes as above adverted to was not essential to a determination of the case, The rent *536 there sought to be recovered had accrued subsequent to the general assignment. Consequently it was not a debt due at the time when the assignment was made, and could not be regarded as a debt or liability which the assignment contemplated or provided for paying. The court so decided, and the discussion upon the effect of the reletting as applied to the rent reserved was in answer to the argument of counsel, and not necessary to a disposition of the case, As we have seen, such was not the condition which confronted the court in the Underhill Case; and we must therefore regard the latter, as interpreted by the general term, as controlling in the disposition of this case. Although we reach this conclusion, we also conclude that there must be a new trial ordered. The general term did not at all decide that the question was one of law for the court’s disposition. It simply held that, from the silence of defendants after receipt of the written notice, the jury might find that they assented to the reletting. No right to relet for their benefit existed unless they assented thereto. If, without such assent, the landlord relet the premises, such act amounted to an acceptance of the surrender. The general principle of law that for a breach of contract for the sale of personal property, or of a contract of hiring, it is the duty of the party suffering from the breach to make the damages as light as possible, has no application to a contract of leasing, as the latter is governed by peculiar and entirely different rules. Whether defendants assented to the reletting, and whether plaintiff relet for them or for his own benefit, became questions for the jury. It did not conclusively follow upon the service of the written notice by plaintiff that his right to relet them existed. All the circumstances were to be considered. This involved a consideration of the acts of the defendants, their silence upon receipt of the-notice, the repudiation by them of liability for rent, and of the relation of landlord and tenant when plaintiff applied to them for payment of rent after they bad left the premises, the negotiation for the rent of the basement, and all the acts of the parties; also, a consideration of the acts of the plaintiff, the sending of the two notices, the negotiation and consideration respecting the rent of the basement, the collection of rent from the tenants in the basement, the fact that the lease to Keogh was absolute, under seal, and no-mention made of defendants or their interest or that plaintiff acted for them. This was all evidence for the jury to pass upon, in order to determine whether plaintiff in fact relet for the benefit of defendants or for himself, and whether defendants assented to the reletting for their benefit. If such assent was given, and plaintiff acted thereunder, then plaintiff becomes entitled to recover. If no assent wás given, or plaintiff acted for himself, then this action cannot be maintained. These were questions for the jury, and not the court.
The judgment appealed from should therefore be reversed, and a new trial granted; costs to abide the event,
All concur.