—that is to say, $500 more than the whole amount of the contract,—and he seeks to explain this by saying that the McElwee Company took the contract for less than what they should have taken it at. He even went so far as to say that the completion of the whole contract according to the specifications would have been worth $17,000, and again he fixed it at $15,000. He says that even more material was in the buildings than was mentioned in the specifications. The conviction one derives from reading the testimony of Mr. Vorhis is that the whole of his estimate is pure guesswork. On the other hand, there is the testimony of three witnesses who give estimates made by them of the value of the material furnished before November, 1891, such estimates having been made after a very careful and minute examination of all the material supplied up to that time. These witnesses were the defendant, C. W. Kirchner, and William Alyea. The appellant very properly complains that all this testimony was completely ignored by the referee, who based his finding upon the confessed ignorance of Gaylord and the singularly insufficient statements of Vorhis. C. W. Kirchner testified that in the latter part of November, 1891, he made an examination of the buildings, and states the method of that examination. He had the specifications of the contract with him, and he went with the defendant through the buildings, from room to room, and from building to building. He says he can state how much the value of the material was that had been put in the buildings at the time he examined them. The value was about $7,000. He also swears that he made a detailed estimate, giving the items, of what it would cost to complete the McElwee contract, and that estimate appears in evidence. William Alyea says that he examined the buildings at the same time that Mr. Vorhis did, and with Mr. Rohrig. He says he knew nothing about the McElwee contract, nor what they were to receive, and that the materials which were supplied prior to November 30th were worth about $7,000, and that the McElwee Company had furnished about that amount. He also says it is not true that what had been furnished to these buildings by the McElwee Company was worth $12,000, and that it was not worth more than $7,000. Not only was the testimony insufficient to authorize the referee to adopt the sum of $10,000 as the value of the material supplied, but the rational view of the whole testimony is that such material was worth only in the neighborhood of $7,000, and that that was about the amount earned by the McElwee Company at the time the contract was taken out of its hands by the defendant, who undertook to complete the work. These findings of the referee as to amounts are fatal to the judgments, which must be reversed, and a new trial ordered before another referee, with costs to abide the event.

GARCZYNSKI, Respondent, v. RUSSELL et al., Appellants. (Supreme Court, Appellate Division, Third Department. May 26, 1897.) Action by Caroline R. Garczynski against Dorr Russell and others. No opinion. Motion for re-argument denied, and leave to appeal to the court of appeals under subdivision 2 of section 191 of the Code of Civil Procedure granted. See 27 N. Y. Supp. 458, 461, 465.

GILROY v. LOFTUS et al. (City Court New York, General Term. May 11, 1897.) Action by John J. Gilroy against Thomas J. Loftus, impleaded with another. Oppenheim & Severance, for appellants. Wensley & Gilroy, for respondent.

PER CURIAM. The question of fact as to whether the defendant Thomas J. Loftus was a partner of his brother W. C. Loftus, or held himself out as a partner of W. C. Loftus, and thus became liable to the plaintiff under the written contracts signed by W. C. Loftus, has been closely contested. There is no doubt that the defendant could, under certain circumstances and conditions, make himself liable. It is not disputed that the work was performed, and therefore the serious question of the liability of this defendant is the one at issue. We think, while the facts are close, yet there was enough presented, and that the same was fairly left to the jury, who found for the plaintiff. Finding no error prejudicial to the defendant, the judgment is affirmed, with costs.

GOODMAN, Respondent, v. STEINFELD et at., Appellants. (City Court of New York, General Term. May 11, 1897.) Action by Samuel S. Goodman against Solomon Steinfeld and Ferdinand Seligman. A. H. Berrick, for appellants. Louis J. Altking, for respondent.

PER CURIAM. The plaintiff sold and delivered certain goods to the defendants, who returned part of the same to plaintiff, and he sold them for the account of the defendants, and brings this action for the difference between the contract price and the amount realized upon the resale. The course pursued by the plaintiff was the proper one. Upon the defendants' returning the goods, he had a right to sell the same. Such sale must have been fair, and must occur in such a way as to secure most nearly a full and fair value for the goods so sold. It is not necessary to give the defendants notice of such sale, but, if it was, he appears to have been given sufficient notice in this instance. We think that the questions as to the fairness of the sale, and as to whether or not there was a warranty, were properly submitted to the jury, and their finding upon both these questions in plaintiff's favor is sustained by the evidence, and shall not be disturbed by us. The verdict in plaintiff's favor for the full amount claimed is all right, and the complaint and the testimony show what the amount claimed was, so that the court had only to add to the verdict the actual sum, and it was not error to do so. We find no error, and the judgment must be affirmed, with costs.

GRAY, Respondent, v. KAUFMAN DAIRY & ICE-CREAM CO., Appellant. (Supreme Court, Appellate Division, Second Department. April 26, 1897.) Action by John Gray against the Kaufman Dairy & Ice-Cream Company. No opinion. Judgment affirmed, with costs, on authority of Gray v. Ice-Cream Co., 89 Hun, 144, 35 N. Y. Supp. 9. See, also, 41 N. Y. Supp. 73.