(25 Misc. Rep. 737.)

KAHN v. SIMONS.

(Supreme Court, Appellate Term.　January 23, 1899.)

LANDLORD AND TENANT—SURRENDER OF LEASE—LIABILITY FOR RENT.
>Plaintiff leased certain premises to defendant for a specified number of months, the rent for which was payable in advance, on the 1st day of each month. At noon, on the 1st day of the last month of such term, defendant vacated the premises, and surrendered the keys to plaintiff, who accepted them. In the latter part of the same month another person was found in apparent possession of such premises. *Held* that, though defendant may have been absolved from liability for rent subsequently accruing under such lease, if any, he was not released from liability for that for the month in question, as it had accrued prior to his surrender of the leased premises.

Appeal from municipal court, borough of Manhattan, Eleventh district. .

Action by Leopold Kahn against Leopold S. Simons.　From a judgment rendered in favor of plaintiff, defendant appeals.　Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

William Klingenstein, for appellant.

Myers, Goldsmith & Brown, for respondent.

GILDERSLEEVE, J.　The action is for rent.　The facts are undisputed.　Plaintiff, by a lease in writing, let to the defendant a flat, or apartment, for the term of 13 months, from April 1, 1897, to May 1, 1898, at a rental of $50 a month, payable, in advance, on the 1st day of each and every month.　The defendant failed to pay the $50 due on April 1, 1898, and moved out of the premises on that day.　On the trial the only witness called was the defendant.　The plaintiff introduced the lease in evidence, and then asked defendant if he had paid the rent due on April 1, 1898, to which question the defendant replied that he had not.　Plaintiff thereupon rested.　The defendant was then made his own witness, and testified as follows, viz.: "Q. Why didn't you pay the rent for the month of April, 1898?　A. Mr. Kahn told me any time I wanted to move he would release me.　Q. When did he tell you?　A. In December and January.　For this reason I moved on the 1st of April, and surrendered Mr. Kahn the keys, and he accepted them.　Q. What time in April?　A. The first part, at 12 o'clock."　Defendant then proceeded to give some rather indefinite testimony of having visited the premises, on or about the 17th of April, and finding one Pfeffer in possession; but the evidence on this point, and as to the acceptance of the surrender of the premises, is somewhat meager.　Upon this testimony judgment was given for the plaintiff.

The rent became due and owing on the 1st day of April, and there is no evidence that would warrant a finding of any abrogation of plaintiff's right thereto.　On or about that day the defendant moved out, and surrendered the keys to the plaintiff, who accepted them; and later on in the same month another person, apparently, was put into possession of the premises.　This is evidence tending to show a surrender and acceptance; and while, under this state of facts, the defendant

·620    55 NEW YORK SUPPLEMENT   (Sup. Ct.

and 89 New York State Reporter.

might have been released from any liability for rent subsequently accruing under the lease, had there been any (see Underhill v. Collins, 132 N. Y. 271, 30 N. E. 576), still he was not released from a liability that had already accrued previous to the surrender of the premises (see Cheesebrough v. Lieber, 18 Misc. Rep. 459, 42 N. Y. Supp. 1122; McGregor v. Board, 107 N. Y. 517, 14 N. E. 420; Conklin v. White, 17 Abb. N. C. 316). The authorities cited by the appellant refer to cases of hold-over, and do not apply to the case at bar.

The judgment should be affirmed, with costs. All concur.