## BURHANS et al. v. MONIER.

(Supreme Court, Appellate Division, Second Department. March 7, 1899.)

1. LEASE—CONSTRUCTION—ABANDONMENT—RE-ENTRY.

A provision in a lease of a house intended to be used by lessee for roomers, providing that, if any part thereof became vacant during the term, the lessor might enter and relet the premises, and that the lessee should be liable for any deficiency in the rent reserved after applying rents so received, did not authorize such re-entry on lessee's removal to another house, which she intended to use for table boarders, while continuing to use the demised premises as before, and such re-entry discharged her from further liability under the lease.

2. SAME—EVICTION—SUBSEQUENT GROUND—TENANT'S LIABILITY.

Where lessor wrongfully entered and relet the demised premises, the fact that lessee returned rent subsequently paid her by a subtenant, to

be paid to the lessor, while evidence of an abandonment, is not an admission of her liability for rent subsequently accrued.

Appeal from Dutchess county court.

Action by Frances E. Burhans and another against Carrie G. Monier. From a judgment of a county court affirming a judgment of a justice of the peace in favor of plaintiffs, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Isaac E. Bingham, for appellant.
Charles F. Cossum, for respondents.

WILLARD BARTLETT, J. This is an action to recover rent under a written lease whereby the plaintiffs rented to the defendant a house in the city of Poughkeepsie from May 1, 1897, to May 1, 1898, for $25 a month, payable in advance. In September, 1897, the rent for that month not having been paid, the defendant personally moved to another house in the neighborhood, leaving a number of subtenants in occupation of the premises in question. The plaintiffs thereupon refused to allow the defendant to collect any more rent from these subtenants, and proceeded to collect all such rent themselves. They have credited to the defendant the aggregate amount thus collected, and taken judgment for the difference between that amount and the rent reserved by the lease. The right to do this is asserted by virtue of a provision in the instrument to the effect that if the premises, or any part thereof, should become vacant during the term, the lessors might re-enter and relet the property, applying such rents as they should receive upon such reletting to the payment of the rent due under the lease, which provision also declared that the lessee should remain liable for any deficiency. Underhill v. Collins, 132 N. Y. 269, 30 N. E. 576. The learned county judge was of the opinion that, because the defendant abandoned the premises to the plaintiffs, after they had asserted the right to collect the rents from her subtenants, they might rightfully re-enter as they did, and hold the defendant liable for the deficiency in the rent under this clause of the lease. It does not seem to us that this is the fair legal import of what the defendant did. It is practically conceded that both parties contemplated that the tenant should let furnished rooms in the demised premises. The privilege of reletting on account of the tenant, who should still remain liable for any deficiency in the rent, was to be exercised only in case the premises became vacant. The house was not rendered vacant within the meaning of the lease by the fact that the defendant herself went to live in another house during the term. She explains why she did this, intending to keep "roomers," as she called them, in the plaintiffs' house, and use the other house for table boarders. When she moved out, however, the plaintiffs not only refused to allow her to collect the rent from her "roomers," but insisted upon collecting it themselves, thus depriving her wholly of the beneficial use of the leased property. It is true that the defendant, after the plaintiffs had thus virtually taken the

house out of her hands, returned to one of these subtenants a sum which she had received from him as rent, in order that he might pay it over to the plaintiffs; and this act on her part was regarded in the court below as evidence of an abandonment of the premises, which recognized the right of the landlord to resume possession, and yet, nevertheless, hold the defendant for the rent. We look upon it quite differently. By declining to permit the defendant any longer to collect the rents from her subtenants, the plaintiffs had wrongfully deprived her of her enjoyment of the demised premises; and after they had done this she was at liberty to give up all possession or claim to possession, and certainly thus limit the plaintiffs' claim against her to the amount then actually due for rent under the lease. While, therefore, it is true that the repayment of the rent by the defendant to the subtenant was evidence of an abandonment of the premises on her part, it was evidence only of an abandonment which had been compelled by the landlord's acts. In this view the tenant is to be regarded as having been virtually expelled from the demised property, and hence as being relieved from any obligation to pay subsequently accruing rent therefor. Edgerton v. Page, 20 N. Y. 281, 283, 284. For these reasons we think that the recovery against the defendant should have been limited to the amount which was due from her for rent at the time when the plaintiffs assumed to prevent her from making any further collections from her subtenants, and we are therefore constrained to reverse the judgments under review.

Judgment reversed, with costs. All concur.