ANDREW SPENCER, JR., Respondent, *v.* CHARLES HALL, as Administrator, etc., of GEORGE HALL, Deceased, Appellant.

(County Court, Otsego County, December, 1899.)

1. Decedents' estates — Jurisdiction of Justice's Court — Code Civ. Pro., § 2863.

Where a claim on open account against a decedent, as presented to his administrator, is less than fifty dollars, a justice of the peace has jurisdiction in the matter under section 2863 of the Code of Civil Procedure, although the interest demanded in the complaint would, if it had been recovered, make a sum exceeding fifty dollars.

2. Same — Rejection of claim.

Where an administrator tells a claimant against an intestate's estate that he will have to sue, there is a sufficient rejection of the claim.

3. Same — Admissions of sole administrator.

The admissions of a sole administrator made in the transaction of his business as such bind the estate of his intestate.

4. Verdict — " For all his claim."

A verdict for the plaintiff " for all his claim " is sufficient to entitle him to the face of his demand, and to indicate that the jury excluded an offset claimed by the defendant.

APPEAL by the defendant from a judgment recovered in Justice's Court against him as administrator for the sum of fifty-one dollars

and thirty-five cents damages and three dollars and twenty-five cents costs.

Edson A. Hayward, for appellant.

Andrew Spencer, Jr., respondent, in person.

BARNUM, J. It is alleged in the complaint that the decedent George Hall was at the time of his death indebted to Spencer & Smith in the sum of forty-seven dollars and fifty-two cents less the sum of five dollars and eighty cents credited thereon and interest from the 6th day of February, 1895, for goods sold and delivered. That the plaintiff became the owner of the claim October 14, 1897. That thereafter he presented the claim duly verified to the defendant. That the defendant admitted that the claim was just and correct, but claimed that the decedent's estate had an offset against the same, and thereafter rejected and refused to allow the same, and demands judgment against the defendant as such administrator for forty-one dollars and fifty-two cents, with interest and costs.

The answer denies all the allegations of the complaint, alleges payment and sets up a counterclaim.

Andrew Spencer, one of the assignors through whom plaintiff obtained title to the claim in suit, testified that on the 5th day of February, 1895, the defendant came to the store of Spencer & Smith and brought accounts amounting to five dollars and eighty cents against the firm of Smith & Spencer and the individual members of said firm. That they looked over the accounts of George Hall and agreed as to balance due on book forty-six dollars and sixty-six cents. That he then, in the presence of the defendant, made entry and figured the balance. That the defendant said the account was all right and if he had money enough he would pay it. That he did not know whether he would have money enough to pay debts.

The evidence shows that the balance as figured by Andrew Spencer, in the presence of defendant, and entered in the firm book, was forty dollars and eighty-six cents, and that the plaintiff became the owner of the demand on the 14th day of October, 1897.

The evidence shows that about the 1st of February, 1898, plaintiff presented the account to the defendant; that the defendant then said that he did not question the account; that if he could collect what was due the estate he would pay it. That a short time there-

after the defendant said to plaintiff that he understood that there was an offset to the account; that he would see about the matter and let plaintiff know.

About March 1, 1898, plaintiff presented a verified statement of the account, as it appears in the ledger of Smith & Spencer, to the defendant and told him that if he decided to object to the account that he would refer it, to which the defendant replied that he would consider the matter and let plaintiff know.

Thereafter the parties had several conversations in which the defendant did not give the plaintiff any definite decision, until about the 1st of August, 1898, at which time he said to the plaintiff: " I guess you will have to sue the account for I do not dare pay it in the shape my father's accounts are."

This action was commenced on the 16th day of August, 1898.

The jury rendered their verdict in the following language: " We find verdict for plaintiff for all his claim."

The justice thereupon entered judgment in favor of plaintiff for forty dollars and eighty-six cents and interest thereon from February 6, 1895, ten dollars and forty-nine cents, in all fifty-one dollars and thirty-five cents damages.

The appellant claims that plaintiff's claim was not for less than fifty dollars, and that it had not been rejected by the administrator, by reason of which the justice did not have jurisdiction of the action, and that the evidence did not establish a cause of action against the defendant.

Section 2863 of the Code of Civil Procedure provides that: "A justice of the peace cannot take cognizance of a civil action * * * 5. Where the action is brought against an executor or administrator as such, except where the amount of the claim is less than the sum of fifty dollars, and the claim has been duly presented to the executor or administrator and rejected by him."

The action was not brought upon an account stated. Neither party claimed upon the trial that the effect of the negotiations between the defendant and the different owners of the claim was to state the account. The action having been tried by both sides upon the theory that it was upon an open account, it is not necessary to determine whether the action might have been brought upon an account stated.

There is evidence sufficient to show that the defendant claimed to plaintiff that the estate had an offset and stated to plaintiff that

County Court, Otsego County, December, 1899. [Vol. 30.

he would have to sue the account, which was a rejection of the claim as presented by the plaintiff.

The plaintiff presented to the defendant on the 1st of March, 1898, a verified statement of the account as it appears on the books of Spencer & Smith, which the evidence shows was for the sum of forty dollars and eighty-six cents. There is no evidence tending to show that plaintiff demanded interest on the forty dollars and eighty-six cents at the time he presented it to defendant nor at the trial.

The jury clearly intended in rendering a verdict for the plaintiff for the "full amount of his claim," to refuse to allow the offset claimed by defendant, and to find for the plaintiff the amount of the claim which he had presented to the administrator, forty dollars and eighty-six cents. Their attention does not appear to have been called to any other or different claim. The only controverted issue presented to them was whether the offset should be allowed.

It would have been better practice to have sent the jury to their room with instructions to state their verdict in figures, but I do not think the error requires a reversal, as there can be no doubt as to what was intended by the verdict.

A verdict for the plaintiff for "the full amount claimed" was sustained in Goodman v. Steinfeld, 20 Misc. Rep. 224.

In the case at bar, as presented to the jury, the plaintiff was not entitled to interest upon the account. His theory was that the claim had been rejected by the administrator and an offset claimed. Interest was not demanded in the verified claim presented to the administrator and rejected by him.

While the evidence shows that the administrator admitted in some conversations that plaintiff's claim was correct and he seems to have presented for allowance all the offset which he then claimed, yet he eventually claimed a further offset, and the plaintiff did not question his right to present his claim to the consideration of the jury.

The case as presented disclosed that the accounts between the parties had not been finally settled. The plaintiff was not entitled to recover interest. Benedict v. Sliter, 82 Hun, 198; Smith v. Velie, 60 N. Y. 111; Matter of Hartman, 13 Misc. Rep. 487.

The amount which plaintiff was entitled to recover was less than fifty dollars. It had been rejected by the administrator. The justice had jurisdiction of the action, unless the amount demanded

in the complaint, forty-one dollars and fifty-two cents, with interest from February 6, 1895, being a few cents over fifty dollars at the time of the commencement of the action, is fatal to his jurisdiction.

If the claim presented to the administrator and proved on the trial had been one upon which the plaintiff was entitled to interest sufficient to bring the amount up to fifty dollars at the time of the commencement of the action there would be grave doubt of the justice's jurisdiction. But the proof shows that plaintiff presented to the administrator a claim upon which he did not demand interest when presented, and which did not legally bear interest; and even if it bore interest from February 6, 1895, to the time of the commencement of the action would not have amounted to fifty dollars. The point was not raised by way of objection to the evidence that the claim presented and rejected and proved upon the trial was not for the same amount as the claim alleged in the complaint. The variance between the pleading and the proof must be regarded as waived by defendant. If objection thereto had been distinctly raised the plaintiff could have amended his complaint.

The parties consented to try a claim of which the justice had jurisdiction; it had been presented to the administrator and rejected by him and it was for less than fifty dollars.

I think that under the circumstances appearing in this case, the demand in the complaint for more than fifty dollars does not vitiate the judgment.

The language of section 2863 makes the claim presented to the administrator competent evidence to determine the question of jurisdiction. The claim which has been presented and rejected is the only claim of which the justice can take cognizance. The amount of the claim presented and rejected being for less than fifty dollars, the justice had jurisdiction of the subject-matter of the action.

Plaintiff relied entirely upon the statements and admissions of the defendant to prove his claim. Defendant stated to Andrew Spencer, while the firm of which he was a member still owned the account, that the account was all right. He agreed as to the balance due upon their books, after allowing the offset then claimed, five dollars and eighty cents, as forty dollars and eighty-six cents and said he would pay it if he had money enough. He told the plaintiff after he became the owner of the claim that he did not

question the account, but he claimed a further offset. These declarations and admissions were made after he had examined the books of Spencer & Smith, and while he was engaged in the transaction of business as such administrator, and were competent evidence on the trial and sufficient to sustain a verdict for the plaintiff. Abb. Tr. Ev. 58; Forsyth v. Ganson, 5 Wend. 558; Finnern v. Hinz, 38 Hun, 465; Church v. Howard, 79 N. Y. 419; Whiton v. Snyder, 88 id. 306; Davis v. Gallagher, 124 id. 492; Potter v. Greene, 20 N. Y. St. Repr. 411.

Judge Miller said in Church v. Howard, 79 N. Y. 419: "Although the cases cited relate more particularly to the admissions or declarations of a coexecutor or coadministrator as against an associate, and the precise question now presented was not decided, it would appear to follow, as a logical sequence of the decisions, that the admission made by a sole administrator or executor, or of all of them together, would be competent evidence and obligatory, if such admission was made while engaged in the performance of some act relating to the estate. The act should be such as called for and made the declaration pertinent, and the declaration should accompany such act, so as to constitute a part of the *res gestae.* When such is the case, the admissions of an administrator may, we think, bind the estate."

The judgment must be modified by reducing the same to forty dollars and eighty-six cents, the amount of the claim as presented to the administrator, and as modified affirmed, with ten dollars costs to the appellant.

Judgment modified, and as modified affirmed, with ten dollars costs to appellant.