(34 Misc. Rep. 542.)

### DODGE v. PRITCHARD.

(Supreme Court, Appellate Term. April 16, 1901.)

LANDLORD AND TENANT—SURRENDER BY OPERATION OF LAW.

Where a lessee vacated the premises and surrendered the keys under an agreement that he was to pay a stipulated sum within a specified time in discharge of his liability on the lease, but failed to perform his agreement, and the lessor did not re-enter nor relet the premises, there was no surrender by operation of law, and the rights of the lessor to collect rents were not affected.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Charles C. Dodge against Reuben L. Pritchard. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

Joseph H. Spafford, for appellant.
William T. Sabine, Jr., for respondent.

LEVENTRITT, J. The appellant claims that he is released from his obligation to pay rent by virtue of a surrender and acceptance of the demised term. He was tenant under a yearly lease, and sought to be relieved of his contract at the end of nine months. He testifies to various interviews with the plaintiff concerning the terms on which a surrender would be accepted. The decision of the justice, however, involves this version of the interview, which we accept as in

accordance with the weight of evidence: The plaintiff agreed to release the defendant from his contract in consideration of the payment of $100 before the 1st of the ensuing month. The defendant claims he was to pay the $100 when convenient to him. Even if there was an agreement for a conditional acceptance and surrender, it was not lived up to by the defendant. He now relies on a surrender and acceptance by operation of law. It appears by his testimony that within a few days after the alleged agreement with the plaintiff he moved out of the premises, and gave the keys of the apartment to the janitor. This was about the middle of the month. He testifies that at that time the plaintiff was not in the city. The latter testifies that the defendant moved out in the night; that he did not enter or relet the apartment occupied by the defendant, but simply gave the janitor orders to clean it and remove some straw. There is no testimony that the janitor ever communicated to the plaintiff the fact of the surrender of the keys, or that he had any authority to receive them. It might be sufficient to rest this affirmance on the just finding of fact below. If the tenant moved out upon an agreement that he was to pay $100 on the 1st of the ensuing month, his failure to do so would terminate the contract and revive the conditions of the original letting. Independently of that, however, the conceded facts establish no acceptance of the intended surrender. Mere surrender of keys accomplishes nothing as a matter of law. That fact is evidence, the weight of which varies with the circumstances of each case from which surrender and acceptance can be implied. Dorrance v. Bonesteel, 51 App. Div. 131, 64 N. Y. Supp. 307; Underhill v. Collins, 132 N. Y. 269, 30 N. E. 576; Gaffney v. Paul, 29 Misc. Rep. 642, 61 N. Y. Supp. 173; Thomas v. Nelson, 69 N. Y. 118. Acceptance by the janitor not acted upon by the principal is ineffectual to bind the latter. Johnson v. Doll, 11 Misc. Rep. 345, 32 N. Y. Supp. 132. The plaintiff was not called upon to do anything until the time for paying the $100 had expired. Even if the keys had been directly surrendered to him, he was under no obligation to tender a return. Thomas v. Nelson, supra. On the facts found, this case resolves itself, at most, into one where the receipt of the keys was coupled with the express condition that in the event of the failure of the defendant to pay the stipulated amount the original rights of the plaintiff were not to be affected. There was no acceptance in law, and none in fact. McAdam, Landl. & Ten. § 209; Chaplin, Landl. & Ten. § 565. The judgment is right, and should be affirmed.

Judgment affirmed, with costs. All concur.