## FEUST v. CRAIG.

(Supreme Court, Appellate Term. December 12, 1907.)

1. LANDLORD AND TENANT—RECEIPT AS LEASE.

A receipt for rent, reciting that within a week the landlord will give and the tenant will take a written lease covering a specified term at a fixed rental. operated as a lease for the term named, where the tenant entered and remained in possession for over three months and no further written lease was made, and may be enforced notwithstanding the stipulation for the execution of a more formal contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 55, 56.]

**2. SAME—TENANT'S ABANDONMENT—LANDLORD'S DUTY.**

Where a tenant abandons the premises, the landlord need not relet them. on the tenant's behalf.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 792, 793.]

**3. SAME—PREMISES SURRENDERED AND ACCEPTANCE.**

To be binding, the acceptance of a surrender of leased premises must be by the lessor or some one authorized by him to accept, and merely handing the keys to one not shown to be authorized to receive them does not constitute of itself a surrender and acceptance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 367.]

**4. SAME—EFFECT OF AGENT'S ACT.**

The mere taking of keys to premises from the tenant by the landlord's agent does not, in the absence of other acts showing an intent to accept the surrender, establish a valid surrender and acceptance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 367.]

**5. SAME.**

After the tenant's abandonment, a landlord's re-entry upon the premises and attempts to relet them in his own name, though not authorized to do so by the lease, is evidence tending to show an acceptance of a surrender of the premises, but does not show it as a matter of law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 367, 370.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action for rent by Sigmund Feust against Horatio Craig. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Benjamin Patterson, for appellant.

Maurice Sichel, for respondent.

GILDERSLEEVE, P. J. The action is to recover the sum of $135, being the rent of a store in a tenement house owned by plaintiff for the months of May, June, and July, 1907, at the monthly rent of $45. Defendant, upon hiring the premises and paying the first month's rent, received the following receipt, which was made in duplicate and signed by both parties, viz.:

"Received of Mr. Horatio Craig $45 for rent * * * from the 15th day of December, 1906, to the 15th day of January, 1907. It is also agreed that within one week from date a written lease will be given by the landlord and taken by the tenant from the 15th day of December, 1906, to the 1st day of May, 1908, at the same rent; i. e., $45 per month, payable in advance."

No further written lease, however, was ever given. Defendant entered into possession, and continued there until April 30, 1907, when he moved out. Previous to such moving there had been some correspondence between the parties, in which defendant notified plaintiff of his intention of moving on or before the 1st of May, 1907, although the plaintiff stated that he refused to release defendant from the lease. We think the receipt, above quoted, operated as a lease for the term therein mentioned, notwithstanding the provision therein for a formal

lease, which was never made; for where a valid contract has been made, by which the parties understand that their rights àre fixed, such a contract may be enforced, although there may be a stipulation that a more formal contract shall be executed. Arnold v. Rothschild, 37 App. Div. 569, 56 N. Y. Supp. 161; Pratt v. H. R. Co., 21 N. Y. 308; Sanders v. Pottitzer, 144 N. Y. 209, 214, 39 N. E. 75, 29 L. R. A. 431, 43 Am. St. Rep. 757.

It will be observed, however, that the receipt contains no agreement permitting the landlord to re-enter and relet the premises on defendant's behalf. It appears from the testimony of plaintiff that he rarely visited the premises himself, and it was from a Mrs. Murphy that defendant received the keys of the premises in the first instance. Who Mrs. Murphy was, or what position she occupied, is not shown; nor did she testify at the trial, though apparently in court. Upon leaving the premises defendant delivered the keys to this Mrs. Murphy, who apparently accepted the same, although what was said is not shown. A short time after the departure of defendant, plaintiff entered upon the premises, put up a sign "To Let," and endeavored to rent the said premises, but unsuccessfully. The landlord was under no obligation to relet the premises on defendant's behalf. Underhill v. Collins, 132 N. Y. 271, 30 N. E. 576; Matter of Ludeke, 33 App. Div. 399, 54. N. Y. Supp. 121; Clendinning v. Lindner, 9 Misc. Rep. 682, 30 N. Y. Supp. 543; Matter of Hevenor, 144 N. Y. 271, 39 N. E. 393; and, as we have seen, there was no agreement between the parties permitting the landlord to re-enter and relet the premises.

Defendant claims that the acceptance of the keys by Mrs. Murphy upon defendant's leaving the premises, and the re-entry of the landlord upon the premises after their abandonment by defendant, and his efforts to relet the same, show a rescission of the lease by a surrender and acceptance. In the correspondence, previous to the abandonment of the premises by the defendant, plaintiff distinctly refused, as we have said, to rescind the lease or relieve defendant from his liability thereunder; but such refusal, having taken place some time before the abandonment, is not decisive, if plaintiff's subsequent acts show an acceptance, as he could have changed his mind in that regard. The acceptance of a surrender must be by the lessor or some one authorized by him to accept the same, and simply handing the keys to one who is not shown to have had authority to receive them does not constitute of itself a surrender and acceptance. Baylis v. Prentice, 75 N. Y. 604; McAdam on Landlord & Tenant (3d Ed.) pp. 1274, 1276; Johnson v. Doll, 11 Misc. Rep. 345, 32 N. Y. Supp. 132. As we have seen, the status of Mrs. Murphy is in no way indicated, and the only evidence of authority on her part to accept the keys is the fact that it was from her that defendant originally received them. Assuming, however, that she was the agent of the landlord, the mere taking of the keys by her from the tenant would not of itself, in the absence of other acts showing an intention to accept the surrender, establish a valid surrender and acceptance. Underhill v. Collins, 132 N. Y. 269, 30 N. E. 576; McAdam on Landlord & Tenant (3d Ed.) 1276.

Inasmuch, however, as there was no provision in the contract authorizing him to do so, defendant's re-entry upon the premises and

attempts to relet the same in his own name, after the abandonment of the premises by defendant, is evidence tending strongly to show an acceptance on his part of the surrender of the premises by the defendant; and, had the plaintiff succeeded in reletting the premises in his own name to another tenant for a different period of time than that mentioned in the contract with defendant, it would seem that such a situation, unqualified by other conditions, would have created a surrender and acceptance by operation of law. Gray v. Dairy Co., 9 App. Div. 115, 41 N. Y. Supp. 73; Id., 162 N. Y. 395, 56 N. E. 903, 49 L. R. A. 580, 76 Am. St. Rep. 327; Crane v. Edwards, 80 App. Div. 335, 80 N. Y. Supp. 747. In the case, however, of Dorrance v. Bonesteel, 51 App. Div. 131, 64 N. Y. Supp. 307, the court, by Smith, J., use this language:

"But, whatever may be the rule in case of an actual reletting, the acceptance of a surrender has never been found, as a matter of law, to arise from a mere attempt to relet the premises."

In Chapman on Landlord & Tenant, p. 497, it is said that:

"Where a landlord accepts the keys of the demised premises and deals with them as his own, the jury may find that he intended to resume possession and to discharge the tenant from his obligation as lessee. This result has been held to follow, for example, where the landlord not only re-entered and relet the premises, but made alterations and repairs therein, though it would not necessarily follow from these facts."

It cannot be said that the facts in the case at bar create a surrender and acceptance by operation of law, and the question remains to be considered: Should the court, sitting as a jury, have found as a matter of fact, established by a preponderance of proof, that there was an acceptance by plaintiff of the surrender by defendant of the said premises? On one side we have the testimony of defendant, corroborated in a strong measure by the acts of the plaintiff subsequent to the abandonment of the premises by defendant; and on the other side we have the denial of plaintiff that he accepted the surrender of the premises by defendant. It seems to us, upon the whole case, that the ends of justice would best be served by a new trial, where the status and authority of Mrs. Murphy can be made to appear more definitely, and more light thrown on what took place when the keys were delivered to her. If it be shown that she was the agent of the plaintiff, who, it will be remembered, rarely visited the premises himself, and that she freely and definitely accepted the surrender as such agent, an important alteration in the situation would be thereby created.

The judgment is reversed, and a new trial granted, with costs to appellant to abide the event. All concur.