## FEUST v. CRAIG.

(Supreme Court, Appellate Term.   April 10, 1908.)

LANDLORD AND TENANT—ACCEPTANCE OF SURRENDER BY AGENT—RATIFICATION BY LANDLORD.

A tenant, upon vacating, gave the keys to the janitress, from whom he had received them when he went into possession, and who had stated at that time that she was the landlord's agent. He told her that he returned them to her because she was the agent, and that he surrendered possession, which she said was all right. Before leaving he had written the landlord twice, announcing his intention to vacate, but had received no reply, nor demand until two months after vacating. The landlord had attempted to rent the premises by placing a "To Let" sign thereon. *Held*,

that the landlord's silence for two months, taken in connection with his efforts to relet the premises, showed a ratification of the agency of the janitress in accepting the surrender.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 363–365.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action for rent by Sigmund Feust against Horatio Craig. Judgment for plaintiff, and defendant appeals. Reversed and dismissed.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Benjamin Patterson, for appellant.
Maurice Sichel, for respondent.

DAYTON, J. Upon the former appeal (App. Term, Nov., 1907; 107 N. Y. Supp. 637) in this case a judgment for the plaintiff was reversed. In its opinion the court said:

"It seems to us, upon the whole case, that the interests of justice would be best served by a new trial, where the status and authority of Mrs. Murphy can be made to appear more definitely, and more light on what took place when the keys were delivered to her. If it be shown that she was the agent of the plaintiff, who, it will be remembered, rarely visited the premises himself, and that she fully and distinctly accepted the surrender as such agent, an important alteration in the situation would be created thereby."

On the former trial plaintiff was called as a witness. On this trial, although plaintiff and Mrs. Murphy were in court, neither was called. Therefore defendant's testimony as to the delivery of the keys to and their acceptance by Mrs. Murphy, and the subsequent placing of the sign "To Let" upon the premises, is unchallenged. There is no suggestion in the record that plaintiff repudiated the authority of Mrs. Murphy in receiving the keys, and therefore his acquiesence may be presumed. Defendant's testimony shows that he moved out of the premises April 30, 1907, and gave the keys to Mrs. Murphy, "the janitress," from whom he had received them, saying: "As you [she] were the agent I [he] got the keys from, I have returned them and surrendered the place. She said, 'All right.'" On cross-examination he said: "She said she was the agent when I went there." About March 25, 1907, and again on April 11, 1907, defendant wrote plaintiff that he would remove from the premises on or before 12 m. on May 1st. To these communications the record does not show any reply, nor any demand until this action was brought, July 1, 1907. This silence for two months, taken in connection with plaintiff's efforts to rent the premises by showing them, tends to prove a ratification of Mrs. Murphy's agency in the acceptance of the surrender. Defendants established a prima facie case, and the motion to dismiss should have been granted.

Judgment reversed, and complaint dismissed, with costs. All concur.