## HODGKISS et al. v. DAYTON-BROWER CO., Inc.

(Supreme Court, Appellate Term, Second Department. March, 1915.)

1. LANDLORD AND TENANT ⊜⇒194—TERMINATION—"SURRENDER."

A "surrender of premises" is created by operation of law when the parties to the lease do some act so inconsistent with the subsisting relation of landlord and tenant as to imply that they have both agreed to consider the surrender as made.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 788, 789; Dec. Dig. ⊜⇒194.

For other definitions, see Words and Phrases, First and Second Series, Surrender.]

2. LANDLORD AND TENANT ⊜⇒233—SURRENDER—QUESTION FOR JURY.

That a landlord repossessed himself of the leased premises, made alterations beyond the necessity for their preservation for the purpose of reletting, and attempted to relet them against the tenant's objection to a reletting on his account, made the surrender of the premises a question for jury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 49, 940-944; Dec. Dig. ⊜⇒233.]

3. LANDLORD AND TENANT ⊜⇒194—RELETTING—IMPLIED AGREEMENT.

In such case, the landlord's statement to the tenant of his intention to hold the tenant liable for rents and to relet for the tenant's account did not sustain an implied agreement for such reletting.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 788, 789; Dec. Dig. ⊜⇒194.]

---

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by Frederick E. Hodgkiss and others against the Dayton-Brower Company, Incorporated. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued March term, 1915, before JAYCOX, ASPINALL, and KAPPER, JJ.

William F. Wyckoff, of Mineola, for appellant.

M. V. Dorney, of New York City, for respondents.

PER CURIAM. [1] Judgment reversed, and a new trial ordered, with costs to abide the event. It must be assumed that the court below found against the defendant upon the issue of constructive eviction, and with that finding we are not disposed to interfere. But upon the issue of surrender and acceptance we think that a question of fact arose, which did not obtain the decision which the circumstances required. The determination below was based upon the case of Gray v. Kaufman Dairy Co., 9 App. Div. 115, 41 N. Y. Supp. 73. The fact that the decision was reversed (162 N. Y. 388, 56 N. E. 903, 49 L. R. A. 580, 76 Am. St. Rep. 327), does not appear to have been considered. The rule laid down by the Court of Appeals was that a surrender of premises is created by operation of law when the parties to the lease do some act so inconsistent with the subsisting relation of landlord and tenant as to imply that they have both agreed to consider the surrender as made. The surrender in the case cited was held to follow from the act of letting to another.

[2, 3] The inconsistency with the relation of landlord and tenant which might have been found in the case at bar consisted of the landlord's repossession of the premises, the making of alterations therein for the purpose of reletting, and his efforts to relet the same. The fact that the landlord wanted to relet for the benefit of the defendant did not justify a repossession and the making of substantial alterations, in view of the further fact that the tenant declined to agree to any reletting for his account. The lease in the case at bar does not provide for a reletting for the account of the defendant in the event of an abandonment, and so the tenant cannot be said to have acquiesced in the proposal of the landlord for its benefit. The landlord's statement to the tenant of intention to hold it liable for rent and to relet for the latter's account does not sustain an implied agreement for such reletting. Gaffney v. Paul, 29 Misc. Rep. 645, 61 N. Y. Supp. 173. It is said in McAdam on Landlord and Tenant (4th Ed.) p. 1348, that:

"Where, after the tenant abandons the premises, the landlord enters and makes repairs, such acts may constitute a surrender by operation of law"— citing MacKellar v. Sigler, 47 How. Prac. 20; Sammis v. Day, 48 Misc. Rep. 327, 96 N. Y. Supp. 777.

But it is not necessary in this case to invoke that rule in support of the defense of surrender and acceptance, as the acts of the landlord here were much more than the mere making of repairs. Here the landlord made alterations beyond the necessity for the preservation of the demised premises, and where that is the case there is an accept-

ance. See Meeker v. Spalsbury, 66 N. J. Law, 60, 48 Atl. 1026. The court below would also be entitled to find the acceptance of a surrender from the landlord's efforts to relet the premises, and certainly both circumstances may be considered in determining the question.

We do not mean to say that a decision in the case at bar holding that there was a surrender and acceptance shall follow, but that the facts raised a proper question for the trial court to determine whether or not there had been a surrender, and this determination seems to have been erroneously based upon the reversed case referred to. All concur. Case set for trial April 15, 1915.