In the Matter of the Judicial Settlement of the Accounts of the Administrators of FLORENCE C. GRUGAN, Deceased.

Surrogate's Court, Westchester County, January 28, 1927.

**Executors and administrators — claim against decedent's estate for rent under lease — decedent died five months before expiration of term — return of key of house to landlord does not indicate acceptance of surrender of lease, in law or in fact — estate liable for rent for balance of term.**

The estate of the decedent herein is liable for the amount of rent for the balance of the term of a lease in writing for a year, decedent having died five months before the expiration of the term, notwithstanding the fact that decedent's administrator, in returning the key of the house to the landlord, wrote in effect that the estate was surrendering the premises, for there was nothing to show that, either in law or in fact, there was any acceptance of a surrender. The letting of the barn and the effort by the landlord to let the house were acts as agent of the lessee.

CLAIM against an estate for rent under a lease

*Elijah T. Russell*, for the administrator.

*Cyrus A. Bishop* [*Ellery F. Albee* of counsel], for the claimant.

SLATER, S. With regard to the claim presented and rejected by the administrator, the facts are these:

A lease had been entered into between Alice J. Walker and the decedent of a dwelling house in Irvington-on-Hudson, for one year from March 24, 1924, at $150 per month. The lease was extended in writing for another year. The decedent died October 15, 1925. The lease contains a covenant permitting the landlord to re-enter in default of rent, but not as agent for the tenant. It contains the covenant that the lessee pay the water rent and also a covenant not to sublet the premises without notice to the lessor, and with the further right to place a notice " To Let " after February 15, 1925. It was stipulated on the hearing " that after decedent's death the premises were occupied by the administrator for one month. The barn on the premises was rented by the landlady subsequently to the death of the decedent for six months for $60 which was collected and credited against the claim, leaving the balance of the claim $990. The claimant also made an effort to rent the premises and advertised them for rent in a newspaper and placing them for rental in the hands of an agent."

The attorney for the administrator, on November 9, 1925, wrote a letter to the lessor saying: " I am returning herewith key to your house at Irvington, the one formerly occupied by the late Mrs. Grugan.

Misc. 586]     Surrogate's Court, Westchester County, January, 1927.

" I represent Dr. de Garis, the administrator of the estate and am returning the key for the reason that the estate will no longer require the use of the premises and am surrendering the same to you.    While I realize that Mrs. Grugan held these premises under a lease, yet I do not believe the estate is liable under the same."

Under date of November 12, 1925, the attorney for the lessor replied and said in part: " I do not understand as a matter of law that she is obliged to accept any such surrender of premises occupied under written lease    *    *    *.    I would say that Mrs. Walker is holding the key to the house which you sent her subject to order of the estate of Mrs. Grugan, and is not accepted by her as surrendering the premises under lease with Mrs. Grugan, and that if any damage results to the property, including the freezing of water pipes if the water is not turned off, will be charged against the estate."

The attorney for the administrator replied under date of November thirteenth, and in a postscript to his letter said: " As to turning off the water, would say I assumed of course you would do that.    Even though the estate is liable under the lease, it is your plain duty to mitigate the damages so far as possible."

The administrator submits and relies upon the case of *Gray* v. *Kaufman Dairy & Ice Cream Co.* (162 N. Y. 388).    It is my opinion that that case does not provide the law for the facts of the instant case.    At page 398 the court says: " It is manifest, therefore, that the act of the plaintiff in re-letting said premises under the circumstances referred to operated as an acceptance of the defendant's offer to surrender."

This was based upon the landlord's negotiations in which the tenant expresses willingness to keep the cellar at fifty dollars per month, if the landlord shall cancel the lease as to the rest of the premises, followed by a communication from the landlord in which he requests the tenant to decide whether he will keep the cellar and pay the deficit which will arise by an acceptance of the offer which the former then had under consideration.

In the instant case there was no acceptance of a surrender in law or in fact.    There was no meeting of the minds.    There was no agreement upon this point, and the letting of the barn and the effort to let the house were acts as agent of the lessee.    (*Dorrance* v. *Bonesteel,* 51 App. Div. 129; *Underhill* v. *Collins,* 132 N. Y. 269; *Dodge* v. *Pritchard,* 34 Misc. 542; *Feust* v. *Craig,* 107 N. Y. Supp. 637; *Goodfield Realty Co.* v. *Wormser,* 125 id. 521; *Isaacson* v. *Wolfensohn,* 84 id. 555.)

The claim is allowed at the sum of $990.