THOMAS F. MARTIN REALTY CO. v. COOKE et al.

(Supreme Court, Appellate Term, Second Department. March, 1912.)

LANDLORD AND TENANT (§ 223*)—LIABILITY OF TENANT FOR RENT.

A stipulation in a lease that, on the tenant's abandonment, the landlord may relet for the account of the tenant, must be given effect; and where there is a reletting, the tenant is entitled to set off the amount

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

collected under the reletting, unless a warrant of dispossess was actually issued prior to the reletting, and after the rent sued for became due, in which case the tenant's liability for rent is unaffected by any reletting.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 885–893; Dec. Dig. § 223.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action for rent alleged to be due under a written lease by the Thomas F. Martin Realty Company against George Cooke, Sr., and another. From an order denying a new trial on the ground of newly discovered evidence, defendant named appeals. Reversed, and new trial granted.

Argued March term, 1912, before GARRETSON, STAPLETON, and KAPPER, JJ.

Leon Laski, of New York City, for appellant.

PER CURIAM. Appellant by affidavits fairly establishes his claim that he did not know until after the trial that the landlord had rented out the premises to another tenant following defendants' abandonment thereof, and that he received from such other tenant $200 in rent during the balance of the term of the lease. While this may have constituted a surrender by operation of law (Gray v. Kaufman Dairy, 162 N. Y. 388, 56 N. E. 903, 49 L. R. A. 580, 76 Am. St. Rep. 327; Gutman v. Conway, 45 Misc. Rep. 363, 365, 90 N. Y. Supp. 290), the appellant at least is entitled to have effect given to the clause in the lease authorizing the landlord upon the tenant's abandonment to relet the premises for the account of the tenant (Underhill v. Collins, 132 N. Y. 269, 30 N. E. 576). In which of the two classes the case belongs should be determined upon a trial, as a fact.

The new trial, to which we deem the defendant entitled, may determine that there was not a surrender; but the right of the appellant to an offset of the amount actually collected from the new tenant by the landlord during the period of letting is clear, unless a warrant of dispossess was actually issued prior to this reletting and after the rent became due. The appellant, so far as concerns the motion for a new trial, seems to be supported in his claim that no warrant was issued at all, in which case he would be entitled to the offset, while, on the other hand, if a warrant was issued, and it followed the due day of the rent, the appellant's liability for the rent would be unaffected, and from a payment of which he could not escape. Berg v. Kaiser, 137 App. Div. 1, 122 N. Y. Supp. 85.

Justice will be done by granting a new trial, and the order denying the motion therefor should be reversed, with $10 costs to the appellant to abide the event, and the motion granted, without costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes